HUBBARD required to be in writing, and where the pleadings are always
v
SPENCER. in open court. That a defendant might make an oral plea
in abatement, and yet be required to verify it by an affidavit,
that is, an oath in writing, was never intended by the legis-
lature. A plea in abatement in a justice's court, like every
other plea, must be proved, unless admitted ; and in this case
the trial and proof of all disputed facts was immediately to
follow the plea. The reason, therefore, for requiring an af-
fidavit to verify a dilatory plea, in courts of record, does not
apply to a justice's court. In the one case, the effect of a
plea in abatement, if frivolous, is to delay a trial on the
merits, for a term, at least : in the other case, the plea in
abatement, and the plea on *respondeas ouster*, are all tried
at the same sitting. Besides, the affidavit (if any were neces-
sary,) was waived in this case, as the plaintiffs made no ob-
jection to the plea on that ground. The plaintiffs and the
justice seem to have put the cause on the single point, that
as the return day of the summons was after the term of the
supreme court, the attorney was amenable to the justice's
court, although the process was issued and served during the
term. On that point the justice erred, and the judgment for
the plaintiffs below ought to be reversed.

Judgment reversed.

HUBBARD <em>against</em> SPENCER.

Where a cause    IN ERROR, on '*certiorari* to a justice's court.
in a justice's
court having     The defendant in error brought an action of debt in the
been adjourn-
ed, became   court below against the plaintiff in error, on a judgment ren-
discontinued,
by the non-ap- dered by another justice in favour of the former against the
pearance of the
plaintiff at the
adjourned day, and more than a month after, a person who had been authorized by the defendant
to appear for him at the adjourned day, and confess judgment, came before the justice, and without
the knowledge of the defendant, confessed a judgment for the plaintiff, as of the day to which the
cause was adjourned, it was held, that this judgment being void, the defendant might avail himself
of the irregularity in an action upon it.

latter. *Moss*, who gave the judgment, testified on the part of the plaintiff below, that *Hubbard*, the defendant below, had been brought before him on a warrant at the suit of *Spencer*, the plaintiff; that the cause was adjourned until the 30th of *December*, 1815, on which day neither of the parties appeared, nor any person on their behalf; that in *February* next, thereafter, the plaintiff appeared before him as of the day to which the cause had been adjourned; that one *Sherrill* was introduced as a witness, who swore that previous to the 30th of *December*, *Hubbard*, the defendant, authorized him to confess a judgment in favour of the plaintiff, at the time to which the cause had been adjourned: that *Sherrill*, on being questioned, said, that he thought his authority to confess the judgment extended to the present time, and that he, therefore, confessed a judgment before the witness for 17 dollars and 88 cents, with costs, and that the witness entered the judgment as of the 30th of *December*, preceding. This was the only testimony given; and it did not appear that the defendant ever had any knowledge of the judgment before *Moss*, until the trial in this cause. The justice who tried this cause, gave judgment for *Spencer*, the plaintiff below, for the amount of the judgment before *Moss*, with costs.

PLATT, J. delivered the opinion of the court. The suit originally instituted before *Moss* was unequivocally discontinued by the non-appearance of the plaintiff in that suit, on the 30th of *December*, 1815; and the parties then stood in the same situation as if it had never existed. According to the testimony of *Moss* himself, the judgment before him was entered *nunc pro tunc*, nearly two months after the discontinuance of the suit; and the only colour for that extraordinary proceeding was, that the defendant had authorized his attorney, *Sherrill*, to appear at the adjourned day, and confess a judgment on the suit then pending, coupled with the opinion of *Sherrill*, that a power to confess a judgment at the adjourned day, was sufficient authority to confess a judgment in *February*, after the parties were out of court, so as to have it entered as of the 30th of *December*, preceding. I think such a proceeding is not to be endured. The foundation of this suit is a judgment against a man who was not in court,

*NEW-YORK,*
*May, 1818.*

HUBBARD
v.
SPENCER.

who was not under process of any kind, and in fact had no notice of the proceeding against him. Although he authorized *Sherrill* to confess a judgment in *December*, *non constat*, but that he had paid the debt, or had a good defence against the claim in *February* following. It is against the first principles of justice to conclude the rights of a person by a proceeding to which he was not privy, and against which he had no opportunity of defending himself.

The only question is, whether we can notice the illegality of that proceeding in this collateral way. In my opinion, there is ground to infer a fraudulent connivance between the plaintiff and *Sherrill*, who confessed the judgment before *Moss*; but I am also of opinion that *Moss* had no jurisdiction when he received the plea of confession, and, therefore, his judgment, *nunc pro tunc*, was void. The justice was limited, by statute, to a certain course of proceedings; and it would be preposterous to give such a construction to the statute as would authorize what was done in this instance. It must, therefore, be regarded as a proceeding *coram non judice*, and void; and hence it follows that the judgment in this suit has no foundation, and must be reversed.

Judgment reversed.