James McAloon vs. License Commissioners of Paw-
TUCKET.

22  191
28  363
28  528

22  191
29  424

PROVIDENCE—JULY 23, 1900.

PRESENT: Stiness, C. J., Tillinghast and Wilbur, JJ.

(1) *Certiorari. Intoxicating Liquors. License Commissioners.*

The record of license commissioners brought up on *certiorari* showed that after a license was granted to the petitioner, but before the time for it to take effect, the commissioners reconsidered their action and refused to grant the license, for the reason that the premises were found not to conform to Gen. Laws R. I. cap. 102, § 5.

*Held*, that, irrespective of the right of the commissioners to rescind their vote, the record showed that they had no right to pass it. *Certiorari* is in the nature of a writ of error. The matter to be determined is substance and not form, and the court is bound to determine, upon an inspection of the whole record, whether the proceedings are legal or erroneous.

*Held*, further, that, as upon the record the vote granting a license was void, the court would not interfere to quash the rescinding of a void vote.

*Held*, further, that on *certiorari* this court will review questions of fact relating to the jurisdiction of an inferior tribunal.

CERTIORARI. The facts appear in the opinion. Heard on petition for writ, and petition dismissed.

STINESS, C. J. This is a petition for a writ of *certiorari*, upon which, by stipulation of parties, the record is submitted, with the same effect as a return thereof, so that the whole matter may be brought before the court at once. The petition sets forth that on March 27, 1900, the petitioner applied to the license commissioners of Pawtucket for a license to sell liquor, for the year beginning May 1, 1900; that on April 24, 1900, said board of commissioners granted the license and placed the certificate therefor in the hands of the city treasurer; that on April 26, 1900, without notice to the petitioner, said board rescinded its vote granting the license, and the city treasurer thereupon returned the certificate.

The record shows that the license was granted April 24, 1900; that on April 26, 1900, it was "Moved and seconded that the vote giving a license to John McAloon, at 712 Pros-

pect street, be rescinded, for the reason that, upon investigation after granting the same, the premises were found not in conformity to the law, and the secretary instructed to obtain the license certificate from the city treasurer.   So voted."

Upon the record the petitioner claims that the action of the board, rescinding the previous vote granting the license, was illegal, because the board acted without notice to the petitioner, and because it had no further jurisdiction of the matter after the vote granting the license had been passed.

The petitioner relies upon the decision of this court, not reported, in *R. I. Perkins Co.* v. *Cumberland*, June 8, 1895, M. P. 2370.   In that case the return showed that in April, 1895, a license was granted to Hagan, and after it had been granted a remonstrance was presented from land-owners, under the statute.   The petitioner claimed that, as the remonstrance was filed within the hour appointed for the hearing, it was in time to prevent the granting of the license, relying upon *Brown* v. *Carroll*, 16 R. I. 604, which was a case of entry of a writ in a justice court, upon which no action of the court could be taken until after entry.   No action was taken on the remonstrance on that day, but on May 1, 1895, the day on which the license was to take effect, the board rescinded its action.   The court held that the board, by not annulling its action and continuing the case when the protest was filed, had lost jurisdiction of the matter.   The rescript said :   " The basis of the proceeding was the application for the license, not the remonstrance, and, though the presentation of the remonstrance was within an hour from the time fixed for the meeting of the commissioners, action had already been taken before its presentation.

The case, therefore, showed that as there was no remonstrance when action was taken there was no error in the action of the board, and the board, not having recognized the remonstrance, could not, upon that ground, rescind previous action legally taken and completed.

(1)   We need not consider, in this case, the right of the board to change its action before the time when it takes effect, be-

cause upon another ground we think it is quite clear that the petitioner is not entitled to the writ.

Gen. Laws cap. 102, § 5, says : "No license shall be issued for the sale of intoxicating liquors in any place, except licensed taverns, where a dwelling-house, or place used as a dwelling-house, is connected therewith from within such licensed place ; and no license shall be granted for the sale of intoxicating liquors in any place, except licensed taverns, to which an entrance shall be allowed other than directly from a public traveled way."

If the place in question did not conform to these requirements, the board had no jurisdiction to grant a license.   Its action was void.   To hold that by granting a license, in such a case, it had lost its jurisdiction, and its action could neither be rescinded nor reviewed on *certiorari*, would be to hold that its action must stand, even though it is directly contrary to the statute.   The purpose of *certiorari* is to bring the record of an inferior tribunal before a higher court, to examine whether jurisdiction existed in the lower court, and whether its proceedings were regular.   Spelling on Extr. Rel. § 1891.

Suppose the board had no right to rescind its vote ; still the record shows that the board had no right to pass it.   Upon the facts stated in the record the petitioner had no right to a license, and, hence, he has not been harmed.   As said by Gray, C. J., in *Farmington* v. *County Commr's*, 112 Mass. 206 : "A writ of *certiorari* is in the nature of a writ of error. . . . The court is bound to determine, upon an inspection of the whole record, whether the proceedings are legal or erroneous."

The writ will not be granted for the correction of merely harmless, technical, or formal errors, which are not shown to have resulted prejudicially or to have caused substantial injustice to the relator ; 4 Ency. Pl. and Pr. 34 f. n. 1.

The matter to be determined is substance and not form. If the error is such that it does not affect the substantial justice of the case, but is in the forms of procedure only, the

writ will be refused. 2 Spelling Extr. Rel. § 1897. It is also stated that it will not be granted to correct a harmless error. See *Keenan* v. *Goodwin*, 17 R. I. 649. If the petitioner has no right to a license, as appears by the record, he is not harmed by its refusal, even though the board had not the technical right to pass the rescinding vote. The case, therefore, comes down to the question of fact whether the allegation of the record that the place did not conform to the statute was true. If so, the vote granting the license was void, and the court will not interfere to quash the rescinding of a void vote. Under our practice an inferior court, whose jurisdiction depends upon a question of fact, does not acquire an absolute jurisdiction by an erroneous decision of the fact. Hence, we have held that a question of fact relating to jurisdiction is reviewable in this court. *Lonsdale* v. *License Commr's*, 18 R. I. 5.

As no question is made that the fact is not as stated in the record, the petition for the writ must be dismissed.

TILLINGHAST, J. (dissenting.) I cannot agree to the foregoing opinion. The board of license commissioners is a quasi-judicial body clothed with certain statutory powers, amongst which is the granting and revocation of licenses for the sale of intoxicating liquors. In the performance of their judicial functions they sit and act as a court of limited jurisdiction, and hence are governed by the ordinary rules which apply to such a court. One of these rules is that, in the absence of statutory authority, after a judgment, decree, or order has once been rendered or made and the court has adjourned, its jurisdiction over the subject-matter thereof is exhausted, and hence it has no further power in the premises. This point has been expressly decided in this court, and hence is *res judicata* in this State. In *Hamill* v. *Champlin*, 12 R. I. 124, it was held, Durfee, C. J., writing the opinion, that a justice court, by rendering final judgment in an action and adjourning, exhausts its jurisdiction over such action; and that the action which was subsequently taken was *coram*

*non judice.* A case exactly in point is that of the *R. I. Perkins Horse Shoe Co.* v. *Board of License Commissioners of Cumberland*, cited in the opinion of the majority of the court, in the present case. There this court said : " We think that the action of the commissioners on April 29, 1895, granting a license to Edward Hagan, must be regarded as final and conclusive." " The remonstrance against the granting of the license was not presented until after the vote of the commissioners to grant the license." " Without annulling the vote which had been taken, and continuing the application for further hearing, the commissioners adjourned to a subsequent day." " By so doing they lost jurisdiction over the proceeding, the action already taken became conclusive, and their vote of May 1, 1895, rescinding it, was of no effect." In support of that decision the court cited *Hamill* v. *Champlin, supra.* These decisions are in harmony with the almost universal current of decisions upon the question here involved.

After the commissioners had granted the license in the case at bar, and adjourned, they were wholly without jurisdiction to rescind the vote or to take any other action to deprive the licensee of his rights obtained thereunder, except, at any rate, upon notice and for cause shown. For, as said by the court in *Hubbard* v. *Spencer*, 15 Johns. 244, cited by Durfee, C. J., in *Hamill* v. *Champlin, supra* : " It is against the first principles of justice to conclude the rights of a person by a proceeding to which he was not privy and against which he has no opportunity of defending himself." To the same effect is *Wood* v. *Helme*, 14 R. I. p. 329.

Whether the commissioners made a mistake or not in granting the license to the petitioner, is wholly immaterial. It was regularly granted upon application, after notice and hearing ; the board duly executed the license and left it with the city treasurer for delivery upon payment of the license fee ; and the applicant gave a bond which was duly and formally approved by the board. Having done these things, they had no power to recall the license. If the applicant was

guilty of misrepresentation as to the condition of his premises, as intimated in behalf of the board, this might have been sufficient ground for revoking the license. But, as already intimated, this could only be done after notice and hearing. I am therefore of the opinion that the petitioner is entitled to the relief prayed for.

*Lellan J. Tuck,* for petitioner.

*Edward W. Blodgett,* for respondents.