STANISLAUS T. DZIOK *vs.* BOARD OF LICENSE COMMISSIONERS
OF CENTRAL FALLS.

JANUARY 6, 1908.

PRESENT: Douglas, C. J. Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Intoxicating Liquors.  Rescission of Vote Granting License.*

A board of license commissioners has no jurisdiction to rescind a vote of a former board granting a liquor license.

CERTIORARI, on facts stated in opinion.  Heard on petition for writ, and granted.

PARKHURST, J. This is a petition for a writ of *certiorari*, to review the action of the board of license commissioners of the city of Central Falls, whereby said board on July 17th, 1907, voted to rescind a vote, passed by the preceding board on November 13th, 1906, granting a liquor license to the petitioner at Nos. 556 and 558 Mill street, and 2 Dunn court, Central Falls.

The license granted by the vote passed November 13, 1906, was duly issued, and went into effect on December 1, 1906, and the petitioner did business thereunder until July, 1907.

Meanwhile, in February, 1907, one of the said board having died, and the other two having been removed from office, the respondents were elected as license commissioners and thereafter acted as such board.

In July, 1907, a hearing was had before the respondents, acting as such board, upon a petition of a resident of Central Falls, asking said board to rescind said vote of the former board, passed November 13, 1906; at this hearing the licensee, having been notified thereof, appeared both in person and by counsel, and was heard, and protested, for various reasons, against the granting of said petition, claiming, among other things, that the respondents had no jurisdiction to take such action, and moving that the petition be dismissed; the board granted the petition apparently for the reason that it found "that said Dunn court, so called, at the time of the granting of said license, and at the time when said license went into

effect, was not a travelled way within the meaning of section 5, of Chapter 102 of the General Laws," etc.; and thereupon passed its vote rescinding the vote of the former board, passed November 13, 1906, granting the license aforesaid.

The only question necessary for this court to consider upon this proceeding is whether such vote of the respondents to rescind the vote of the former board was within the jurisdiction of the respondents, acting as such board.

The statute in force November 13, 1906, when the license was granted, being Pub. Laws cap. 1355, passed April 20, 1906, and being an amendment of Gen. Laws cap. 102, § 2, so far as applicable hereto, reads as follows: "The town councils of the several towns and the boards of commissioners as hereinafter provided may grant or refuse to grant licenses to such citizens resident within this state, for the manufacture or sale of pure spirituous and intoxicating liquors within the limits of such town or city, as they may think proper. Whenever any license for the sale of spirituous or intoxicating liquors shall be granted, the same shall be granted to expire on the first day of December next succeeding the granting of the same, unless revoked as is hereinafter provided." . . . .

(1) The provision for revocation of a license once granted as above is contained in Pub. Laws cap. 543, § 2, of January session, 1898, being an amendment of Gen. Laws cap. 102, § 12, and provides for *revocation* of a license for certain specified offences enumerated in that section. The revocation of a license takes effect from the date of revocation, and is manifestly a very different act from the attempted rescission of a former vote, granting a license, in that the latter act, if effectual, would avoid the license altogether and place the licensee in the position of a law-breaker from the date when he began to do business under such supposed license. We do not find in the statutes any warrant for any such attempted rescission of the vote. This attempted act on the part of the present board would be substantially equivalent to its issue of a writ of *certiorari* to review and quash the action of the previous board; no such power can be implied.

It was held by this court, in the case of *The Rhode Island*

*Perkins Horse Shoe Company* v. *Board of License Commissioners of Cumberland*, M. P. No. 2373 (unreported), as follows:

"We think that the action of the commissioners on April 29, 1895, granting a license to Edward Hagan, must be regarded as final and conclusive. The remonstrance against the granting of the license was not presented until after the vote of the commissioners to grant the license. Without annulling the vote which had been taken and continuing the application for further hearing, the commissioners adjourned to a subsequent day. By so doing they lost jurisdiction over the proceeding, the action already taken became conclusive, and their vote of May 1, 1895, rescinding it was of no effect. *Hamill* v. *Bosworth & Champlin*, 12 R. I. 124."

The above case was cited with approval in *McAloon* v. *License Commissioners*, 22 R. I., 191, although in this latter case it was held not necessary to consider the right of the board to change its action before the time when it takes effect, because it appeared before the court, as an undisputed fact, that the action of the board in granting the license was void, for statutory reasons; and therefore the majority of the court refused to grant the writ of *certiorari*, even though it appeared that the vote of rescission was also void; inasmuch as it was shown that the petitioner was not in any event entitled to a license, he had not been harmed by the rescission of the vote which granted the license, before the time when the license would have taken effect.

In the case at bar the proceedings of the former board which granted the license are not before us. We do not know, and can not inquire, upon what facts, jurisdictional or otherwise, the former board acted in granting the license. If it was claimed that it was not within the jurisdiction of the former board to grant the license, the proper method of determining that question would have been to seek a review of its action by petition to this court for a writ of *certiorari* to bring up its proceedings directly with a view to have them quashed, if found to be beyond its jurisdiction. Or, if it was desired to *revoke* the license, proceedings for such *revocation* could have

been taken under the provisions of Pub. Laws cap. 543, § 2, of January session, 1898, amending Gen. Laws cap. 102, § 12.

The present board has assumed to do, by indirection and without warrant of law, what could have been done at the proper time in due course of law.

We adopt the rule laid down in the case of *Rhode Island Perkins Horse Shoe Company* v. *Board &c.*, above quoted, and decide that, as in that case, the board which granted the license, having adjourned to a subsequent day, had lost its jurisdiction over the proceeding, and could not rescind its vote; so in this case, *a fortiori*, it was beyond the jurisdiction of the respondents to rescind the vote of the former board granting the license.

The writ of *certiorari* will be issued, as prayed for by the petitioner.

*Hugh J. Carroll*, for petitioner.

*John N. Butman and William M. P. Bowen*, for respondents.