WILLIAM FERRON *vs.* BOARD OF LICENSE COMMISSIONERS OF CENTRAL FALLS.

JANUARY 6, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Intoxicating Liquors. Rescission of Vote Granting License.*

A board of license commissioners has no jurisdiction to rescind a vote of a former board granting a liquor license.

CERTIORARI, on facts stated in opinion. Heard on petition for writ, and granted.

PARKHURST, J. This is a petition for a writ of *certiorari* to review the action of the board of license commissioners of the city of Central Falls, whereby said board on August 6th, 1907, voted to rescind a vote, passed by the preceding board on November 27th, 1906, granting a liquor license to the petitioner at No. 536 Broad street, Central Falls. The vote of August 6th, 1907, recited that William Ferron was not a citizen resident within this State in accordance with the provisions

34

of section 2 of chapter 102 of the General Laws of said State, as amended by chapter 1355 of the Public Laws of said State.

At the hearing before said board of license commissioners on the petition of a resident of Central Falls, asking that said board would rescind the vote previously passed granting said license, said Ferron requested said board to dismiss the said petition on the ground that said board had no authority to hear or pass upon the matters contained in said petition, as they had already been passed upon by the board of license commissioners which granted the license on November 27th, 1906; but the board of license commissioners denied said Ferron's motion to dismiss said petition, and thereupon granted the petition and passed its vote rescinding the vote of its predecessors in office above referred to.

The respondents in this case are the same as they were in the case of *Dziok* v. *Board of License Commissioners, supra,* and the facts and acts set forth in this petition were of the same general character as therein set forth, excepting only as to the dates of the votes and hearing, and as to the apparent ground of the action of the board, to wit, that Ferron was not a "citizen resident within this State," at the time when the license was granted.

The question, therefore, as to the jurisdiction of the respondents, which arises herein, is the same as we have already fully discussed and decided in *Dziok* v. *Board &c., supra;* and a repetition of that discussion and decision is unnecessary.

It was beyond the jurisdiction of the respondents to rescind the vote of the former board granting the license.

The writ of *certiorari* will issue, as prayed for by the petitioner.

*Noe L. Nadeau, Claude J. Farnsworth, and James F. Murphy,* for petitioner.

*John N. Butman and William M. P. Bowen,* for respondents.