252 A.2d 914.

Virginia Andruzewski and Anella Hicks,
*d/b/a* Shangri-La Lounge *vs.*
Nathaniel W. Smith, Jr., *Liquor Control Admr.*

APRIL 30, 1969.

Present:  Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is a review of a superior court judgment reversing a decision of the liquor control administrator. The case comes to this court on our issuance of a writ of certiorari as provided in G. L. 1956, §42-35-16, as amended.

The record certified in compliance with the writ establishes that Virginia Andruzewski and Anella Hicks, d/b/a Shangri-La Lounge were issued a class B victualer retail beverage license for the license year commencing December 1, 1966, by the Warren town council sitting as a licensing board, as authorized by §3-5-15. This license was issued notwithstanding that in their application therefor, the licensees gave their addresses as 140 Fieldwood Drive, Seekonk, Massachusetts.

Section 3-5-10, as amended, provides in pertinent part, "* * * licenses shall be issued only to citizens resident of this state." Be that as it may, said licensees, who are mother and daughter, operated the Shangri-La Lounge at 173 Water Street in the town of Warren under said class B license throughout the year for which it was issued. They made application to have the license renewed for the succeeding year. Curiously, this latter application is not dated, nor does it give their residences. In any event, the license was renewed for the year commencing December 1, 1967.

However, on December 14, 1967, both licensees were served with a notice to appear before the Warren licensing board and show cause why their license should not be suspended or revoked for violation of certain statutes including §3-5-10, as amended, the citizen resident requirement. On December 20, 1967, a hearing was held at which time all alleged violations other than that relating to the citizen resident requirement were continued for one month. As to the charge on which the hearing did proceed, substantial evidence was adduced which tended to establish that both

licensees actually resided at the Seekonk, Massachusetts address. Indeed, Mrs. Andruzewski testified that her daughter, who did not testify, did reside at the Seekonk address, but that she, Mrs. Andruzewski, maintained a residence in an apartment over the licensed premises. As to her own residence all the evidence, considered as a whole, is open to the reasonable inference that Mrs. Andruzewski's purported Rhode Island residence was nominal.

At the conclusion of the hearing before the Warren board, the license was revoked and the chief of police was then and there ordered to close the establishment, pick up the license and return it to the board. The transcript of this hearing discloses that the chief of police immediately complied. From this action of the Warren licensing board, the licensees seasonably appealed to the liquor control administrator, as provided by §3-7-21.

In connection therewith, a hearing was held before the administrator at which considerable evidence was adduced, much of which was relevant, and some otherwise. Suffice it for the purposes of this review to note that there was competent evidence to support the administrator's findings that the actual residence of both licensees was in Seekonk, Massachusetts; that it had been at the time they applied for the license and continued to be such except, as he noted, they may have acquired an intention to reside in Rhode Island after they were charged with being nonresidents. On this set of facts, the administrator confirmed the decision of the local board and dismissed the appeal.

From the decision of the administrator, the licensees appealed to the superior court, as authorized by §42-35-15, as amended. At the hearing thereon, the superior court justice correctly noted that the hearing before the administrator was subject to the provisions of secs. 9, 10 and 12 of chap. 35 of title 42, as amended, known and cited as the

administrative procedures act, but did not reverse the administrator for failure to comply therewith.

Nevertheless, the superior court justice did rule that the administrator's decision was erroneous as a matter of law. He predicated this holding on an assumption that the local licensing board, in the first instance, and the administrator thereafter, lacked jurisdiction to consider the question of whether licensees were citizens resident of this state at the time the license was granted. He based this conclusion on the proposition that public officers in exercising their authority are presumed to have acted according to law and that the instant licensees were entitled to the benefit of this presumption.

Furthermore, he pointed out that the action of the local licensing board was taken pursuant to the provisions of §3-5-21. This section provides:

> "Every license shall be subject to revocation or suspension by the board, body or official issuing the same, or by said department of its own motion, for breach by the holder thereof of the conditions on which it was issued or for violation by the holder thereof of any rule or regulation applicable thereto or for breach of any provisions of this title."

Commenting thereon, the superior court justice concluded that the revocation ground of "breach by the holder thereof of the conditions on which it was issued" was not applicable in this case, even if the facts supported a finding that at the time of the hearing by the local licensing board the residence of the licensees was in Seekonk, Massachusetts. This was so, he held, because, as he read it, §3-5-10, as amended, applied only to the citizen resident status of an applicant for a license and was silent as to a licensee who, qualifying at the time his application was considered, subsequently changed his residence to another state. We think that he erred on both counts.

The so-called presumption of regularity—running in

favor of the actions of a public official and on which the superior court justice relied in holding that neither the local licensing board nor the administrator could validly inquire into the citizen resident status of the licensee at the time their application was considered—is inapplicable to the circumstances of the instant case. The proposition in question is merely an inference that, absent evidence to the contrary, the actions of a public official were taken with due regard to procedure in the exercise of their jurisdictional powers. See *Signore* v. *Zoning Board of Review,* 98 R. I. 26, 199 A.2d 601.

Thus, the presumption cannot be used to make valid an act which was invalid because forbidden under the statute, and if, as the findings of fact established, the licensees in the case at bar were not citizens resident of this state when the Warren licensing board had their application before them for consideration, the board lacked jurisdiction to consider such application.

It is fundamental that the licensing power is an attribute of sovereignty, resting exclusively in the general assembly. *Newport Amusement Co.* v. *Maher,* 92 R. I. 51, 166 A.2d 216. Similarly, when a right to exercise a portion of the state's sovereignty is delegated by the general assembly to a municipal officer or body, such delegated authority may be exercised only to the extent of the power conferred. *Ramsden* v. *Ford,* 88 R. I. 144, 143 A.2d 697.

Here, with the enactment of §3-5-15, the general assembly delegated to the several municipalities of the state the right to grant certain retail alcohol beverage licenses among which is included that for which licensees made application to the town of Warren licensing board. But, by the enactment of §3-5-10, as amended, the general assembly limited the class of persons to whom local licensing boards could grant licenses to those persons who were "citizens resident of this state." Thus, if a local licensing board inadvertently

issues a liquor license to one not so qualified, such license is subject to revocation on the local board's subsequent determination that the applicant to whom the license was issued did not qualify as required by §3-5-10, as amended.

We think it evident that in relying on the presumption of regularity doctrine, the superior court justice had in mind the decisions of this court which held that local licensing authorities, having favorably voted on an application and adjourned, lacked power thereafter to rescind such vote. Such an exercise of power, we held, would amount to the local board's issuance of a writ of certiorari and constitute readjudication. The court pointed out that no such power was expressly given the local boards, and none could be implied. It was carefully noted, however, that local boards did have the power to revoke which was vastly different from that of rescission, in that rescission would have the effect of making a law-breaker of a licensee for doing business under a license supposedly valid when issued. *Dziok* v. *Board of License Commissioners,* 28 R. I. 526, 68 A. 479; *Ferron* v. *Board of License Commissioners,* 28 R. I. 529, 68 A. 480.

In *McAloon* v. *License Commissioners,* 22 R. I. 191, 46 A. 1047, however, the court was confronted with the question of whether a local licensing board having voted to grant a license, could, on learning that the premises did not comply with statutory requirements, rescind such vote at a subsequent meeting, the license not having yet been issued. A majority of the court held that the record establishing that the local board was without authority to grant the license, the question of jurisdiction to rescind its previous vote was of no importance because if the board was without power to grant the license in the first instance, the court should not interfere with the action cancelling the license invalidly granted.

In the instant case then, the administrator having found

as a fact that the licensees were not citizens resident of this state at the time the license was issued, and that finding being supported by competent evidence, the superior court erred in setting aside the administrator's decision.

Neither is there merit to the superior court justice's determination that §3-5-10, as amended, is not applicable to a licensee who, qualifying as a citizen resident of this state at the time his license is issued, thereafter acquires a residence in some other state.

No case has been called to our attention, nor have we been able to discover any, where this court has ever been called upon to consider the legislative intendment of the "citizens resident" requirement. We think it clear, however, that by the use of this language the legislature intended to restrict the granting of licenses to those citizens whose actual residence was in this state, thereby making such licensee readily amenable to process in this state as well as readily apprehensible for any violation of the law in connection with his business.

Accepting these as the ends which the legislature purposed to achieve, the condition must be considered to be continuing and, if breached, subjects the licensee to revocation of his license as set forth in §3-5-21. This section expressly provides for revocation of a license "for breach by the holder thereof of the conditions on which it was issued."

We hold, therefore, that the superior court justice's reversal of the administrator's decision revoking the license was contrary to law.

The petition for certiorari is granted, the judgment of the superior court reversed and the cause remanded to the superior court for entry of judgment accordingly.

*Herbert F. DeSimone,* Attorney General, *Charles G. Edwards,* Assistant Attorney General, for petitioner.

*Vincent J. Baccari,* for respondents.