Thomas B. Lough *et al. vs.* Zoning Board of Review of the Town of North Providence.

AUGUST 5, 1948.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Capotosto, J. This is a petition for certiorari to review the action of the zoning board of the town of North Providence, hereinafter called the board, which granted to Mary DeFelice an exception for the erection of a gasoline station and garage on her property at the southwest corner of Smith and Layton streets, otherwise described as lot 382 on assessors' plat 8 of that town. The writ issued and in compliance therewith the board has certified to this court all the records relating to the proceedings, which include a stenographic report of the testimony given for and against the granting of the application at a public hearing before the board.

It appears of record that the DeFelice lot is in a business district but its westerly line bounds on a residential district. The petitioners Lough and wife own and reside on premises immediately to the west of that line. On the DeFelice lot, facing Smith street, there is now a small wooden building that is used in connection with a gasoline station which has been in operation for over seventeen years. At the rear of and attached to this structure is another wooden building, with a garage door opening on to Layton street, that has been used for a number of years for the repair of batteries and electrical mechanism on automobiles. Mrs. DeFelice asks for an exception to the zoning ordinance so that she may replace the buildings just mentioned with a complete new one-story building of cement block construction and white stucco finish, all repairs to automobiles to be made within that building.

According to the plans submitted to the board, the side elevation of the proposed building shows a garage door opening on to Layton street approximately the same distance from the Lough residence as the door which is now located in the present wooden building on that street. The plan also shows a window between the garage door and the end of the building. The main grounds of objection from remonstrants to the granting of the exception were that automobiles driven into and out of the garage from Layton street would create a traffic hazard dangerous to public safety, and that the value of surrounding property would be depreciated by the erection of the proposed building. A further objection by the Loughs was that noise and odors coming through the garage window would cause them personal discomfort. On the other hand, there was a great deal of testimony, through witnesses and by petition, denying all such claims and urging the granting of the exception as a marked improvement over existing conditions.

The power of a zoning board in passing on an application for an exception is controlled by the language of the ordinance. Such a question was fully considered by us in the re-

cent case of *Harrison* v. *Zoning Board of Review,* 74 R. I. 135. What we there said as to the power of the board to grant an exception is clearly applicable in the instant case. Section 23, subdivision B, of the ordinance now before us provides as follows: "Exception under specific rules. When in its judgment the public convenience and welfare will be substantially served or the appropriate use of neighboring property will not be substantially or permanently injured, the Board of Review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, determine and vary the applications of the district regulations herein established in harmony with their general purposes and intent as follows: (1) Permit the location of a use as specified in * * * subdivision B of Section 5," which section, by reference to sec. 6 (1), authorizes the location of a "gasoline * * * filling station" and a "Garage repair shop" in a business district.

The provisions of the ordinance were fully observed by the board. In its decision it expressly found that to grant the exception would "not be contrary to public interest" and, in further protection of that interest and also of neighboring property, it granted the exception subject to nine conditions, among which were that no automobile body work be conducted on the premises at any time; that no automobile repair work be done on Sunday or after 9 p.m. on other days; that no motor vehicles awaiting repairs be parked on Layton street; and that no gasoline be sold after 10 p.m. on any day.

The discretionary power of the board to grant exceptions under the ordinance in this case is broad and, as this court said in *East Providence Mills, Inc.* v. *Zoning Board of Review,* 51 R. I. 428, at page 432, such grant of power was manifestly intended to provide "a necessary flexibility in the zoning ordinances in exceptional cases." In order to prevail in the instant case the petitioners have the burden of establishing that the board abused its discretion in granting the exception. We cannot reach such a conclusion

on the record before us. The board granted the exception because it was its considered opinion on the evidence before it that the exception was not contrary to public interest. In thus exercising its discretion it did not overlook the reasonable protection of neighboring property, as appears from the substantial conditions that it attached to its grant of the exception. Since the decision of the board is in accordance with the provisions of the ordinance and there is ample evidence to support that decision, we cannot say that the board acted arbitrarily or abused its discretion in the matter.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The papers in the case which have been certified to this court are ordered sent back to the respondent board.

*Francis J. O'Brien,* for petitioners.

*Francis Cappalli,* for Mary DeFelice.

*John L. Curran,* Town Solicitor, for respondent.