C. RAYMOND ADAMS *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

OCTOBER 30, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This is a petition for certiorari to review a decision of the zoning board of review of the city of Providence granting the application of Samuel P. Lazarus for an exception under the zoning ordinance of that city to enable him to erect three apartment buildings in a district wherein only single-family dwellings are permitted.  Pursuant to the writ the pertinent records have been certified to this court.

It appears from the record that Lazarus, hereinafter sometimes referred to as the applicant, is the owner of lot numbered 15 on assessors' plat No. 93 in Providence.  This land, upon which there are no structures, is located on Blackstone Boulevard north of Rochambeau avenue.  It has a frontage on the boulevard of 350 feet and extends in a westerly direction some 455 feet to Cole avenue.  The total area of the parcel is 159,281 square feet.  It is not disputed that the land lies entirely within a district zoned as "R-1 One-Family Zone."

On July 18, 1956 Lazarus applied for a special exception to the zoning ordinance, pursuant to the provisions of chapter 544, section 27, paragraph 7 (a) and (b), and sec. 92 thereof, under which permission may be granted to use land in any zone for group housing.  The applicant proposes to erect three two-story buildings containing thirty-three apartments.

On August 7, 1956 the respondent board held a public hearing at which the parties adduced conflicting evidence.  The applicant presented testimony that the proposed structures would be of the "garden-type" apartment house; that they would be in harmony with the surrounding neighborhood; that there is a need for housing of this type in the area; that the structures would not depreciate the value of land or buildings in such area; that the parking of auto-

mobiles would be distributed over the entire plat; and that the buildings would be substantially screened by the landscaping, which would be in harmony with the character of the neighborhood.

The remonstrants presented evidence that over a long period of years the immediate neighborhood has been exclusively one of single-family residences and that the nearest multiple-family dwellings are a considerable distance away; that the proposed structures would impair the residential character of the surrounding neighborhood; that they would not be in harmony therewith and would depreciate the values thereof; and that the use would substantially increase traffic in the neighborhood.

The board reserved its decision and on the same day, August 7, 1956, made an inspection of the premises and the surrounding neighborhood. After further consideration, on August 28, 1956 the board granted the application subject to certain conditions and safeguards which need not be set out here. In the resolution granting the application the board recited certain findings of fact made by it which in substance were that there was a demand for group housing in the area which made the proposed use essential and desirable for the public convenience and welfare; that such use of the property is in harmony with the various elements and objectives of the master plan and with the character of the neighborhood; that an appropriate use of neighboring property will not be injured thereby; and that in granting the exception "its discretion has been exercised in accordance with all the standards of rules and guidance as set forth in Article I of the Zoning Ordinance." The petitioners thereafter made timely application for the instant writ of certiorari.

The exception was granted under the provisions of chap. 544, sec. 27, par. 7 (a) and (b), and sec. 92 of the zoning ordinance, approved September 21, 1951, as amended. The pertinent provisions of sec. 27 read as follows:

"The following special exceptions may be permitted in any zone where such uses are deemed essential or desirable to the public convenience or welfare and are in harmony with the various elements or objectives of the master plan and if their location is first approved by the Board as provided for in Sections 91 and 92.

\* \* \*

7. *Group Housing*

(a) Land Deemed One Lot—Any parcel of land including any interior streets and recreation areas which are occupied by a group of dwellings designed as a unit may be deemed to be one lot.

(b) Application of Regulations—Where group housing consists of two or more buildings to be constructed on a plat of ground of at least 40,000 square feet not subdivided into the customary streets and lots, and which will not be so subdivided, or where the existing or contemplated street and lot layout make it impracticable to apply the requirements of this Ordinance to the individual building units in such group housing, the application of such requirements to such group housing may be varied in a manner that will be in harmony with the character of the neighborhood, and that will insure a standard of open space no lower than permitted by this Ordinance and a lot area per family not more than 20% less than so required by this Ordinance in the zone in which the proposed group housing is to be located."

The petitioner argues first that the provisions of the zoning ordinance under which the respondent board purported to grant this exception are invalid and void, and secondly that the board exceeded its authority in granting the special exception. In support of his first argument the petitioner contends that when a city council, in enacting a zoning ordinance, provides therein for special exceptions to the terms of the ordinance and fails to make provisions which reasonably limit the discretion of the board of review in making such special exceptions, the ordinance purports to

confer upon such board powers in excess of those contemplated by the legislature in the enabling act, general laws 1938, chapter 342. It is well settled that in enacting the enabling act the legislature did not intend to authorize a council to delegate to boards of review the legislative power conferred upon it in §2 of that act. *Matteson* v. *Zoning Board of Review,* 79 R. I. 121.

It is our opinion, however, that we need not pass upon this first argument of petitioner as to whether the ordinance purports to confer excessive authority upon the board, since an examination of the character of the decision made by the board reveals that it was in excess of any proper authority the board might possess. In *Harte* v. *Zoning Board of Review,* 80 R. I. 43, we stated that the power to amend a zoning ordinance and to make substantial changes in the lines of zones established therein is delegated to and reserved for the municipal council by the terms of §2 of the act.

There is nothing contained in the act which gives a board of review authority by resorting to the expedient of granting a special exception to accomplish that which is thus reserved to the council. If we assume without deciding that in the instant case the ordinance does not purport to confer this excessive authority upon the respondent board, it is clear that the board acted as if the ordinance did confer such authority upon it. In so doing, it invaded the power reserved to the council and exceeded the authority conferred upon it.

The decision of the board to grant the exception sought here has the effect of establishing a multiple dwelling area entirely within an area restricted to a one-family use. The area in question here contains almost 160,000 square feet of land, which is equivalent to twenty-six house lots of the minimum size required by the ordinance in one-family zones. In our opinion it cannot be argued reasonably that this does not effect a substantial change in the lines of the

zone. It is so extensive that it invades the power reserved to the council by §2 of the enabling act. The authority to grant special exceptions for changes in use which are so extensive was not intended by the legislature to be conferred upon boards of review, and when a board of review grants such an exception it acts in excess of its authority.

In the instant case the board of review misconceived the power to grant exceptions contemplated in the enabling act and dealt with this application for an exception as an appropriate alternate method for bringing about a substantial change in the lines of the zone under consideration. In so doing, it usurped the authority of the city council and exceeded the authority which the ordinance might properly confer upon it. We are, therefore, of the opinion that the decision of the board was arbitrary and an abuse of discretion.

The petition for certiorari is granted, the decision of the respondent board is reversed, and the record thereof is hereby quashed.

FLYNN, C. J., did not participate in the decision.

*Edwards & Angell, Edward F. Hindle, Beverly Glenn Long,* for petitioners.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.

*Jacob S. Temkin, Abedon & Abedon,* for applicant.