ARLENE F. DURFEE *vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

APRIL 30, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the decision of the zoning board of review of the city of

East Providence granting an exception under section 15B of the zoning ordinance. We issued the writ and in compliance therewith the board has made due return of all of its records pertaining to the cause.

It appears therefrom that Hammond & Barrie, Inc., hereinafter called the applicant, applied for the exception in order to build a concrete block addition to its one-story concrete block machine shop. The shop is situated at the corner of Roger Williams avenue and Magnolia street on lots 190 and 246, assessors' plat 34, which are in a commercial C zone. The proposed addition, however, would extend into lots 156 and 189 which are in a residence A zone.

The petitioner, who resides on lot 185 situated on the westerly side of Magnolia street, together with several neighboring property owners in the immediate vicinity remonstrated against the granting of the application. They urged that the proposed addition would devalue their property and would not substantially serve the public convenience and welfare. The applicant presented evidence that it was confronted with the necessity of enlarging its present shop to meet the requirements of its expanding business or else it would have to cease operations in East Providence and establish its business elsewhere. It also presented testimony of a real estate expert that lots 156 and 189 were unsuitable for residence use and that the use to which lots 190 and 246 were now devoted would be the only appropriate use. He further testified that in his opinion the proposed addition would not substantially injure the surrounding property.

The remonstrants presented no counter testimony on this matter. Indeed some of them admitted that the addition, if built according to plan and if the business was conducted as promised by the applicant, would be an improvement over existing conditions. After the hearing the board reserved decision and appointed a committee to inspect the premises. Thereafter the committee reported that such ob-

jections as the remonstrants had most strongly urged could be minimized by requiring the applicant to comply with certain specific conditions.

Thereupon the board granted the application subject to six enumerated conditions and expressly found that the exception "would serve the welfare of the general public in this community, in view of the fact that a large percentage of its employees are local residents and the petitioner's expansion would afford additional employment to the public." The board also found on the basis of the real estate expert's testimony "that the surrounding property would not be substantially or permanently injured."

The petitioner contends, first, that the board exceeded its jurisdiction since it granted the exception without expressly finding that the public welfare and convenience would be *substantially* served as required by sec. 15B and, second, that it otherwise erred because there is no legal evidence that would support such a finding. Apparently she bases her first contention on the absence in the board's decision of the word "substantially." There is no merit in that contention, and *R. D'Ordine & Son, Inc.* v. *Zoning Board of Review,* 79 R. I. 489, upon which she relies does not so hold.

In that case we said that an applicant "must also satisfy the board that the public convenience and welfare will be substantially served" but we did not say or intimate that the mere absence of the word "substantially" in the board's decision would be fatal. That case simply declares that the evidence upon which an applicant relies must tend to prove that the proposed use would substantially serve the public welfare, not that the board must use the word in its decision. There is no magic in such mere use of the word. If the evidence does not support the finding it will not stand. On the other hand if the evidence does afford such support it will be upheld even though the board, as here, fails to use the word "substantially" in expressly finding that the public welfare will be served by the proposed use.

This brings us to petitioner's second contention. Is there any legal evidence that will support the board's decision? In answering this question we are not concerned with the relative strength or weakness of the applicant's evidence. Ordinarily we do not weigh the evidence on certiorari in cases arising under the zoning law. *Hazen* v. *Zoning Board of Review*, 90 R. I. 108, 155 A.2d 333. Whether the public welfare and convenience in any given case will be served by a proposed use is a question of fact. If there is some evidence in the record reasonably tending to prove such fact even though slight, we will not disturb the board's decision. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316.

In the case at bar the board relied upon its own knowledge of the neighborhood which was partly commercial and the evidence of a general and local interest in the *retention* of an established industry supplying gainful employment to residents of the city. In such circumstances we cannot say that the board acted arbitrarily or unreasonably in granting the exception, especially in view of its well-supported further finding that the proposed use under the exception would not substantially injure the surrounding property but would more likely result in improvement of the immediate neighborhood.

The petitioner has briefed one other contention, namely, that the board exceeded its jurisdiction in allowing the extension into a more restricted district of a nonpermitted use beyond a distance of 50 feet. Since she admits that the proposed building does not exceed such distance and relies merely on the fact that the surrounding premises will be used for parking, there is no merit in such contention. She has therefore failed to sustain the burden incumbent upon her in this court of showing that the board acted arbitrarily and abused its discretion. *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are

ordered returned to the respondent board with our decision endorsed thereon.

*Aisenberg and Joslin, Alan T. Dworkin,* for petitioner.

*Sarkis Tatarian,* City Solicitor for City of East Providence, for respondent.

*John P. Bourcier,* for applicant.