CHESTER OLSON *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

FEBRUARY 27, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of East Providence granting an application for a special exception or a variance to use certain land in a residence district for a supermarket and parking area. Pursuant to the writ the board has certified the records to this court.

The applicants, Ernest and Mary Ricci, own a large parcel of land on the westerly side of Willett avenue having a total area of 408,000 square feet, with a frontage of approximately 342 feet on Willett avenue and a depth of approximately 900 to 1,200 feet. The premises are designated on assessor's plat 58 as lots numbered 2, 377 and 358. The front portion of this land on Willett avenue, with the exception of approximately 70 feet at the southerly end of lot No. 358, is zoned business C to a depth of 160 feet. The remaining land is zoned residence A.

The applicants seek a special exception or a variance for permission to use a portion of the land zoned residence A, to a depth of 600 feet from the Willett avenue boundary, for a business use in connection with the land presently zoned C. They plan to lease the land to the First National Stores, Inc. and the latter proposes to erect a supermarket and to provide a parking area for 200 cars. The building will be located about 400 feet west of the Willett avenue

line, approximately 140 feet south of the northerly line of lot No. 2, and about 68 feet north of the southerly line of lot No. 358.

There are presently five buildings on the premises. On lot No. 2 there is a concrete block garage with a greenhouse and office in the rear. The garage and part of the greenhouse are in the area zoned business. The remaining part of the greenhouse is in the residence zone. A two-story wooden dwelling is located in front of the garage on Willett avenue. Another two-story wooden dwelling is located in the business area and also a one-story concrete block building, measuring approximtaely 30 by 50 feet, in which the applicants carry on a food market business. South of this building there is a one-story wooden building which is used as a real estate office.

In addition to the food market the applicants also operate a florist business on the premises. Their son testified that they had no immediate use for the land behind the greenhouse but did grow plants and flowers in that area; that if the application was granted they would give up the food market business; that they would remove part of the greenhouse to make room for additional parking and continue the florist business in the part that remained; and that they would remove the two dwellings and the real estate office.

The applicants' land is bounded on the north and south by residence zones. Willett avenue is a main highway. A gasoline service station and hardware store are located on the easterly side of Willett avenue, opposite the store on applicants' land. The surrounding area is predominantly residential in character.

The petitioners and other remonstrants appeared at the hearing and in substance opposed the proposed use on the grounds that it would adversely affect the value of their properties; that it would create or increase traffic hazards;

4

that it was not in harmony with the character of the area; and that there was no need for a supermarket in the area.

The applicants presented evidence to support their request for both a special exception and a variance. After the hearing the board granted the application subject to certain conditions. It appears from its decision that the application was granted as both a variance under the enabling act and a special exception under the ordinance.

On the basis of the record before us there is no evidence that the applicants will be deprived of all beneficial use of the land in question unless their application is granted. There has been no showing of hardship within the meaning of that term as it has been construed by this court. See *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26; *Winters* v. *Zoning Board of Review*, 80 R. I. 275. In fact, the uncontradicted evidence is that such land is presently being used by the applicants in carrying on their flower and vegetable business. The fact that the proposed use would be more profitable cannot justify the grant of a variance. *Strauss* v. *Zoning Board of Review*, 72 R. I. 107, 112. In our opinion the board's finding of unnecessary hardship is not supported by the evidence and therefore the board erred in granting the application as a variance.

The petitioners next contend that the board erred in granting the application as a special exception under the ordinance. Chapter 43, sec. 5A (2) of the 1929 ordinances of the city of East Providence entitled "Zoning" as added May 2, 1950 by chap. 159, sec. 6, authorizes the board to grant an exception for a supermarket when in the board's judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured.

The ordinance vests the board with broad discretionary power. In the absence of constitutional challenge, a decision upon matters within its discretion will not be set aside

unless it clearly appears that the board acted arbitrarily or abused its discretion. *Spirito* v. *Zoning Board of Review,* 64 R. I. 411. The petitioners have the burden of proving that there has been such a clear abuse of discretion. *Lough* v. *Zoning Board of Review,* 74 R. I. 366.

After reviewing the evidence the board made express findings that the proposed use would not be contrary to the public interest; that the public convenience and welfare would be substantially served thereby; and that the neighboring property would not be substantially or permanently injured. The only question before us is whether there is any evidence in the record to support such findings. As the court said in *Durfee* v. *Zoning Board of Review,* 94 R. I. 316, 319, 180 A.2d 452, 454: "In answering this question we are not concerned with the relative strength or weakness of the applicant's evidence. Ordinarily we do not weigh the evidence on certiorari in cases arising under the zoning law."

The record is replete with conflicting evidence on the question concerning the need of a supermarket in this area and the effect of the proposed use on neighboring property. The board resolved the conflicting evidence in favor of the applicants. It also relied on its own knowledge of the neighborhood, especially relative to traffic conditions along Willett avenue, and noted that the applicants could erect a supermarket on the front portion of their land without an exception or variance. The board concluded that there would be less danger to children and pedestrians if the petition was granted so that the supermarket would be built some 400 feet off the highway.

In our opinion the findings upon which the board based its decision are supported by the evidence. In such circumstances we cannot say that it acted arbitrarily or abused its discretion in granting the exception, especially in view of the safeguards and conditions it imposed.

6

We have carefully considered petitioners' contention that the board misconceived its function in granting this exception. They argue that it has usurped the powers of the city council in regulating the use of property. They base this contention on the fact that the applicants were denied a zoning change by the council less than two months before the hearing before the board and also that on July 17, 1962 the city council adopted a master plan which included a recommendation by the planning board that the land in question remain residential. In our opinion this contention is without merit. The board was not bound by the action of the city council in either case.

The petitioners next argue that the size of the land in question is so extensive that the board's action amounts to rezoning and is therefore invalid. They rely on certain language of this court in *Harte* v. *Zoning Board of Review,* 80 R. I. 43, and *Adams* v. *Zoning Board of Review,* 86 R. I. 396. It is true that in those cases this court stated that the power to grant an exception was intended to be used sparingly in exceptional cases and the court indicated that size was a factor in determining whether a board had exceeded its authority and invaded the power reserved to the council under the enabling act. But, as the court said in *Gallagher* v. *Zoning Board of Review,* 95 R. I. 225, 186 A.2d 325, such a circumstance is not necessarily controlling.

Each case must be reviewed on its own facts. We are reviewing the action of a quasi-judicial body which is vested with certain discretionary power under the act and the local ordinance. As we have previously stated, the ordinance expressly authorizes the grant of an exception for a supermarket if the standards therein prescribed are met. In the instant case the board's findings are supported by the evidence. We have considered all of the contentions made by the petitioners, but, in our opinion, they have failed to sus-

tain their burden of showing that the board acted arbitrarily and abused its discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

CONDON, C. J., concurring. I concur solely because of *Gallagher* v. *Zoning Board of Review,* 95 R. I. 225, 186 A.2d 325, which indicates contrary to *Harte* and *Adams, supra,* that the extreme size of the lot is not of controlling significance.

*Harry Goldstein,* for petitioners.

*Sarkis Tatarian,* City Solicitor, *Thomas F. Vance, Jr.,* for respondent.