199 A.2d 601 (1964)
Salvatore SIGNORE et ux.
v.
ZONING BOARD OF REVIEW OF the TOWN OF BARRINGTON.
M.P. No. 1591.
Supreme Court of Rhode Island.
April 14, 1964.
*602 Leo Patrick McGowan, John P. Bourcier, Providence, for petitioners.
Graham, Reid, Ewing & Stapleton, James A. Jackson, Tillinghast, Collins & Tanner, Richard F. Staples, Peter J. McGinn, Providence, for respondent.
POWERS, Justice.
This is a petition for a writ of certiorari directed to the zoning board of review of the town of Barrington, hereinafter called the board. The petitioners seek the review and reversal of a decision of the board sustaining the granting of a permit to move a two-story, single-family dwelling which was issued to the applicant Princess Hill Nursery by the building inspector, hereinafter called the inspector. The writ was issued and the board has duly certified the record for our consideration.
It appears therefrom that the applicant, a partnership engaged in operating a nursery on County road in Barrington, applied to the inspector for a permit to move a two-story, single-family dwelling from lot 7 to lot 300, both lots being on assessor's plat 23 and located in a commercial C zone. The application was accompanied by a site plan and incorporated an agreement to conform to the applicable provisions of the building and zoning ordinances as provided in sec. 64 of the building ordinance. Further, it stated that the building proposed to be moved was "essentially constructed of wood frame with an asphalt shingle roof" and that its dimensions were 32 feet long, 26 feet wide, and 2 stories (approximately 17 feet) high.
The provisions of sec. 64 in part are as follows:
"Every person desiring to move a building shall make application to the Inspector, stating the length, width and height thereof, materials of exterior walls and roof, the place from and to which and the route by which it is carried and the time required for moving the same, and shall sign an agreement to make said building conform to the requirements of law for a new building in the new location. The Inspector shall thereupon have said building examined, and if found not liable to endanger adjoining property, or to endanger or unduly incommode the public, shall whenever the building is to be removed on or across any accepted street or highway, issue, subject to prior approval of the Town Council, a permit for removal. If the building is not to be moved upon or across any street or highway whatever, the Inspector may issue such permit in his sole discretion."
By direction of the inspector the applicant completed a form entitled "Application For Permit To Build," which furnished the inspector with all information required under sec. 64 of the building ordinance.
Lot 7 on which the house is presently located shows a frontage on County road *603 of 100 feet, while lot 300 to which the building would be moved, although contiguous to lot 7, shows a frontage on said road of but 50 feet. The permit was issued and several days later petitioners appealed to the board pursuant to the provisions of G.L. 1956, § 45-24-16. Thereafter notice was given of a hearing on said appeal which was held on September 19, 1963.
It appears from the minutes thereof that counsel for the applicant informed the board that the lots constituted a single parcel described by metes and bounds in the deed by which it acquired title and which was properly recorded in the land records of the town. He did not have the deed with him but was permitted to supplement the record by submitting it several days later. The board took the matter under advisement and on September 27, 1963 notified petitioners that their appeal had been denied. In its decision the board found, inter alia, that petitioners' objection that the applicant had not complied with the provisions of sec. 3-1-1 of the zoning ordinance was without merit.
This section is as follows:
"Forbidden Uses:  No structure or land shall be used and no structure shall be erected, enlarged, altered, or relocated, unless it conforms to the provisions of this Ordinance. Before a permit is issued for the erection, moving, alteration or enlargement of any building or structure or use of premises, the plans and intended use shall indicate conformity in all respects to the provisions of this Ordinance."
It based its ruling on a determination that sec. 3-1-1 did not affirmatively require the applicant to submit plans but only that any plans which accompanied the application should in all particulars conform to the provisions of the zoning ordinance. It further found that, contrary to petitioners' contention, the application contained all the necessary information required under sec. 64.
Further, the board, noting petitioners' contention that lot 300 had only a 50-foot frontage on County road, contrary to the requirements of the zoning ordinance that no building could be located in a commercial C zone on a lot having a frontage of less than 70 feet, found it to be without merit for the reason that lot 300 was but a portion of the same lot on which the building was presently located, within the meaning of title 2 of the zoning ordinance.
Title 2 provides in part as follows: "The following terms as used in this ordinance shall have the following meanings:  * * * Lot:  A parcel of land defined by metes, bounds or boundary lines in a recorded deed or shown on a recorded plan or plat."
The board, noting that the deed to the applicant conveyed lots 7, 300 and part of 298 on assessor's plat 23 as a single parcel, ruled that in accordance with the provisions of title 2, said parcel constituted a single lot which embraced both lots 7 and 300. In effect, the board found that the application was for the removal of the dwelling from one location to another on the same lot, observing that the lot had a frontage on County road of 250 feet which was far in excess of the 70-foot requirement of sec. 4-6-3 of the zoning ordinance.
Further finding that the moving of the building would not endanger or unduly incommode the public as provided in sec. 64, the board concluded: "For the reasons stated herein it is the opinion of the Board that there was no error in the granting of the permit to move the building. The building must conform to the building, zoning and all other applicable laws and ordinances of the Town of Barrington." Thereafter, it notified petitioners that their appeal had been denied and they seasonably filed the instant petition in this court.
The petitioners contend, inter alia, that the board erred in its interpretation of sec. 3-1-1 and in support thereof rely on Taft v. Zoning Board of Review, 75 *604 R.I. 117. There, the inspector issued to the property owner a building permit to reconvert a non-conforming building, apparently used as a storehouse, into a four-room dwelling. The board sustained the granting of the building permit, and on review thereof this court held that the board erred. We noted that an appeal to the board from an administrative official confined the board to the provisions of the ordinance that are binding on such official. Since the building and zoning ordinances prohibited the building or structural alteration of an existing building on a lot having less than 7,000 square feet and a frontage of 70 feet, the inspector, and on appeal from him the board, were without jurisdiction to issue the permit.
Significantly, the court further noted that if the property owner suffered a hardship by reason of the building or zoning regulations, his recourse was by way of a special exception or variance. Later, however, in Ajootian v. Zoning Board of Review, 85 R.I. 441, where the issue was raised by petitioner, this court recognized the authority of the board of review to exercise its jurisdiction of special exceptions and variances on an appeal from a ruling by the building inspector who, lacking such jurisdiction, had denied petitioner a permit to erect billboards in a residential zone. See also Mello v. Board of Review, 94 R.I. 43.
In the instant case, however, there is no question of a lack of conformity of the premises to which the building would be moved with the provisions of the applicable zoning regulations. The board, as well as the inspector, was bound by title 2 of the zoning ordinance to recognize that, notwithstanding the assessor's designation, the applicant's property constituted a single lot which had a frontage of 250 feet on County road. The decision of the board to the effect that the relocation of the building did not place it on a lot having less than a 70-foot frontage was correct.
Even so, petitioners argue, the constructive notice to the public was defective in that it referred to the assessor's lots and not to the property as considered by the board. They rely on Mello v. Board of Review, supra. There, after denial by the building inspector of a permit to convert a laundry building into a storage warehouse, the applicants applied to the board for a variance. Constructive notice of the application was duly given but stated only that the building was located on lot 52, assessor's plat 9. In fact, the building was partially located on lot 52 and partially on lot 165.
Reaffirming our decision in Richard v. Board of Review, R.I., 129 A. 736, that the provisions of the statute regarding notice to the public are jurisdictional, we held in the Mello case that the granting of a variance in the use of a building which was located in part on a lot to which no reference was made in the public notice was beyond the jurisdiction of the board. Noting the omission to be of substantial significance, we stated at page 50: "It is our opinion that this advertisement is insufficient to constitute the constructive notice to the public that was contemplated by the legislature in enacting § 45-24-18. See Abbott v. Zoning Board of Review, 78 R.I. 84, 88, 79 A.2d 620."
In the instant case, however, the constructive notice given to the public appeared in the Barrington Times as follows:
"A regular session of the Barrington Zoning Board of Review will be held on Thursday, September 19, 1963 in the Council Chambers of the Town Hall in Barrington, Rhode Island, at 7:30 P.M., when all persons will be heard for or against the granting of *605 the following applications under the Zoning Ordinance:
"* * * Mr. Salvatore Signore, 14 Hilltop Avenue, Barrington, R.I., has filed with the Zoning Board of Review, a notice of appeal from a ruling of the Building Inspector concerning the moving of a dwelling from lot #7 to lot #300 on Assessors' plat #23 in `C' Zone... ."
It was by the designation of the assessor's plat and lots that the property would be recognized by the public and insofar as notice of the property under consideration constitutes the issue, the property was fully described and, in our judgment, proper constructive notice was given to the public within the meaning of G.L. 1956, § 45-24-18.
Notwithstanding this, however, petitioners contend that the applicant is not a proper party by virtue of a reservation of a life estate by the applicant's grantors. This appears in the deed in question and reserves the subject building and "the land thereunder." Their contention is apparently premised on Tripp v. Zoning Board of Review, 84 R.I. 262. There, the applicant was the holder of a mere option to purchase and there was no evidence that the option had been exercised. Such is not the situation here.
The respondent, stressing the distinction between the facts in the instant case and those in Tripp, refers us to Ralston Purina Co. v. Zoning Board of Review, 64 R.I. 197, wherein we held that a lessee not joined by the owner is a proper person to apply for a building permit, absent any objections by the owner. On the authority of that case, it contends a remainderman with a vested interest, absent objection by the life tenant, is likewise a proper party to apply for the permit herein sought. In our judgment there is merit in the argument that a vested remainderman, especially in the absence of objection by the life tenant, has an interest as valid as that of a tenant for years. However, petitioners vigorously contend, notwithstanding the correctness of the board's decision as to those issues heretofore considered, its action was illegal and arbitrary in that the record discloses absolute noncompliance with a mandatory provision of sec. 64 of the building ordinance.
The particular provision to which they point is the requirement of an examination of the building for a determination as to whether the contemplated moving would "endanger adjoining property, or to endanger or unduly incommode the public * * *." The manifest purpose of such an examination, they insist, precludes a finding by the board that the moving of the building in question would not endanger adjoining property or unduly incommode the public where, from the record, it appears that no examination was made.
Assuming without deciding that the provision requiring an examination of the building to be moved is mandatory in every instance, regardless of the circumstances disclosed by the application for a permit, petitioners have misconceived their burden. While it is true that the record contains no statement offered by the inspector that he had in fact caused the building to be examined, it is not correct as petitioners state in their brief that respondent concedes that no such examination was made.
We have repeatedly held that sworn officers of the law are entitled to the presumption that their official acts have been properly performed, until the contrary is proved. Greenough, Atty. Gen., ex rel. Carroll v. Board of Canvassers and Registration, 33 R.I. 559; Olson v. Zoning Board of Review, 96 R.I. 1, 188 A.2d 367. Implicit then inspector complied with the provision of sec. 64, and it was for petitioners to go forward with some evidence to the contrary if their appeal were to be premised on noncompliance by the inspector.
*606 Indeed, the record discloses that the building in question was to be moved from one location to another on the same lot, without recourse to the use of a public way. It further discloses that the moving would not require disturbance of the public's use of utility facilities, nor affect trees or shrubbery over which the tree warden might have jurisdiction. In these circumstances the board, apart from the aforementioned assumption of regularity, might well have been warranted in reaching the conclusion that the moving would not endanger or unduly incommode the public. See Ajootian v. Zoning Board of Review, 85 R.I. 441. The petitioners' final contention, therefore, is likewise without merit.
The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the record certified to this court is ordered returned to the respondent board with our decision endorsed thereon.
PAOLINO, J., not participating.