[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on plaintiff's appeal of a decision of the Zoning Board of Review of the Town of North Kingstown (hereinafter referred to as "the Board") granting applicant Thomas Papa a variance to build four single family homes on undersized lots.
The pertinent facts are as follows. Thomas Papa entered into a Purchase and Sales Agreement with the Mount View Community Association to purchase lots 194, 195, 196, 197, 234, 235, 236, and 237, Plat 166 in the Town of North Kingstown. This Purchase and Sales Agreement was conditioned upon Mr. Papa's being granted a variance under North Kingstown revised ordinances Section17-12-3 (b) (1) (2). Mr. Papa sought to combine these eight existing lots of 4500 square feet into four 9000 square foot lots. Because the ordinance requires a minimum lot size of 20,000 square feet that variance would create four substandard lots.
Public hearings were held on January 10, 1989; January 24, 1989; and March 14, 1989. A decision granting the variance was filed on March 29, 1989. On April 12, 1989 the plaintiffs filed this appeal.
Plaintiffs advance several arguments for the reversal of the actions of the Board. Among those to be considered by this court are that the decision of the Board was not supported by substantial evidence, and that the decision of the Board was in violation of the North Kingstown Zoning Ordinance.
The jurisdiction of this court to review the decision of the Board is controlled by Rhode Island General Laws 1956 (1988 Reenactment) § 45-24-20(d), which provides as follows:
 The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record."Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). The requisite "substantial evidence" has been further defined ". . . as more than a scintilla but less than a preponderance." Id. at 824; ". . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
After a careful review of the whole record, this Court is satisfied that the decision of the Board is supported by the requisite substantial evidence. The Board took up this matter on three separate occasions at which time they listened to the testimony of all interested parties, and considered the nature and character of the neighborhood. Part of the testimony that the Board heard on 1/10/89 was that of Mr. Cronin of the Town Planning Department who stated that the proposed use does conform with the character [of the neighborhood]. (Transcript 1/10/89 pp 39, 40).
The plaintiffs argue that the burden the petitioner must meet before the Board can properly grant a variance is set out in the Rhode Island Supreme Court case of Rozes v. Smith 120 R.I. 515,388 A.2d 816 (1978). Plaintiffs contend that, according toRozes, the petitioner in this case needed to show a deprivation of all beneficial use of the property to support the granting of a variance. However, our Supreme Court in Rozes distinguished between `true' variances and relief from set back and area requirement:
 this standard is to be applied only to `true variances' or those situations in which the proposed use of the property varies from any of the uses permitted under the ordinance.
 Rozes, supra at 819.
There is no dispute that this land is zoned for single-family use, and therefore the "deprivation of all beneficial use" standard is not the correct standard to apply under the North Kingstown ordinance.
The North Kingstown zoning ordinance, section 17-1-6(c)(a) states that a variance may be granted upon the following circumstances:
 "That because of special circumstances applicable to the subject property, including the shape, topography, location or surroundings a literal enforcement of the provisions of this chapter is found to result in unnecessary hardship and in the case of a use variance, to deprivation of all beneficial use of subject property. (emphasis added)
 Economic betterment of the petitioner shall not, of itself, be a reason for granting of a variance."
It can be seen that the North Kingstown Zoning Ordinance mirrors the language of Rozes, 388 A.2d at 819, that the higher standard is to be applied to a `true' or `use' variance. Because the variance here is not a `true' or `use' variance the Board must follow the section 17-1-6(c)(2) language of unnecessary hardship. Unnecessary hardship has been defined as something more than a mere inconvenience. Viti v. Zoning Board of Review,92 R.I. 59, 166 A.2d 211 (1960). Absent the showing of an abuse of discretion in finding for the petitioner, this Court will not disturb the findings of the Board with regard to unnecessary hardship.
The plaintiffs also argue that the Board violated section17-1-6(c)(2) of the zoning ordinance by accepting economic betterment of the petitioner as the sole reason for granting relief. As support for this argument the plaintiffs cite the case of Olsen v. Zoning Board of Review, 96 R.I. 1, 188 A.2d 367
(1963). Our Supreme Court in that case held that a more profitable use alone would not support the granting of a variance. However, the Supreme Court declined to reverse the Zoning Board's actions noting that the Zoning Board had broad discretionary power and "In the absence of constitutional challenge, a decision upon matters within its discretion will not be set aside unless it clearly appears that the board acted arbitrarily or abused its discretion." Id. at 369. (citingSpirito v. Zoning Board of Review, 64 R.I. 411, 12 A.2d 727
(1940).) Our Supreme Court also noted that the burden for showing such an abuse rests upon the petitioner (plaintiffs).
The plaintiffs in this case have not shown such an abuse. The Board on three separate occasions had hearings and took into consideration the many facts and circumstances, including the character of the neighborhood. As a result this Court does not feel that the Board acted arbitrarily or abused its discretion; but in fact went out of its way to be sure that all sides to this controversy had an opportunity to present their views.
Plaintiffs also argue that this Court should reverse the decision of the Board because the decision is in violation of section 17-12-3(b)(2) of the North Kingstown Zoning Ordinance (the Merger Provision). However, according to the public notices, it is exactly that section of the zoning ordinance from which defendant sought relief.
In light of section 17-1-6(c) of the Zoning Ordinance, which gives the Board the discretion to grant variances, the Court feels that plaintiff's second argument is flawed. Were this argument allowed there would be no relief from zoning ordinances and no reason for Boards such as North Kingstown's to sit.
Therefore, for the above stated reasons this Court finds that the decision of the Board is supported by reliable, probative, and substantial evidence in the whole record. This Court further finds that the Board did not violate its own ordinance by granting a variance thereto. Accordingly, the decision of the Zoning Board of Review for the Town of North Kingstown is affirmed.