KATHERINE G. MORRIS *et al. vs.* ZONING BOARD OF REVIEW
OF CITY OF PAWTUCKET.

JULY 8, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J.   This is a petition of certain remonstrants for
a writ of *certiorari* to review a decision of the Zoning Board
of Review of the City of Pawtucket entered on May 26,
1931, upon the application of the Cruise Construction Com-
pany, Inc., hereinafter referred to as the "applicant," for
an exception or variation in the application of the provi-
sions or regulations of the zoning ordinance of said city with
reference to the use of applicant's property located on the
westerly side of Pleasant street and the easterly side of
Clifford street, between Rhodes and Lyman streets.   Said
property is located in a district zoned as Residence B.   The
lots comprising all the land owned by said applicant are
numbered 462, 465 to 480 inclusive on plat No. 65.   Lots
465 to 469, 471, 472, 474 to 480 were purchased by said ap-
plicant in 1919, 470 in 1920, 462 in 1923 and 473 in 1929.
It is alleged that the lots were purchased for the excavation
of sand, gravel and clay to be used in building construction
and have been used for  that  purpose and the storage of
building material since their acquisition.   The proposed use

of the premises is for the temporary storage of machinery and supplies used in the removal of the sand, gravel and clay banks as heretofore, and in addition, leave is sought for permission to erect a temporary building 80.2 x 27.1 on lots numbered 475 and 478 for the covered storage of machinery, supplies and equipment, until all the applicant's premises are excavated. The reasons assigned for the permission sought are that the premises owned by the applicant are not, in their present condition, suitable for residential development nor any other purpose permitted in a Residence B. district nor have they been so suited in the past and that, following the removal of the sand, gravel and clay, it is the applicant's intention to grade all of the land owned by it to make it suitable for house lots and, as such, to dispose of same. It is also alleged that the privilege sought would not be detrimental to the neighborhood.

After a hearing the respondent Board made numerous findings of fact. Such as are material for consideration in relation to this petition are as follows: That to permit the premises to remain in their present condition would be the perpetuation of a condition which both sides agree to be dangerous to the safety of the neighborhood; that the remonstrants' testimony of damage to the neighborhood is directed to a use or structure permanent in character; that any proper solution of the matter will involve the placing of the premises on the market for housing development as soon as possible; that the owner should be permitted to excavate the remaining area and to use so much of the material as is necessary to make the entire area from Pleasant street to Clifford street marketable for house lots; that the kind of machinery and equipment required for such excavation is necessarily large, cumbersome and expensive and is costly to move and operate; that the structure desired is necessary to the proper development of the land.

In granting the application the following conditions were imposed: (1) That the land, during the proposed development, be enclosed with a fence which will reasonably afford

protection to those who have occasion to use the streets and sidewalks surrounding any land now or hereafter excavated; (2) that, following the construction of the proposed building, the applicant shall so grade the area now excavated as to make it suitable for house lots. This condition shall be deemed to mean the placing of either an embankment or retaining wall along the westerly side of the premises; (3) that the building to be erected shall, at the expiration of two years from its completion, be removed unless the applicant shall show to the satisfaction of the Board that this period has not allowed it sufficient time in which to complete the project; (4) that the applicant shall not store within the building supplies or materials of its general business unless such supplies and materials are necessary to the work of development proposed.

The petitioners herein, remonstrants at the hearing before the respondent Board, contest its action in granting the petition principally upon the ground that it was not filed in good faith but for the ultimate purpose of storing the machinery and equipment of applicant, used by it in its general contracting business, on the land and in the building which it proposes to erect.

The evidence presented before the respondent Board of Review discloses the fact that the applicant had, a short time before filing the petition which is the subject of this proceeding, sold its only storage place for machinery and equipment located in the city of Providence and it became necessary for said applicant to obtain another storage place for such equipment. Previous to filing the present petition, applicant filed a petition with respondent Board for permission to use the whole of said seventeen lots and the building thereon for the purpose of industrial storage. It was given leave to withdraw this petition. Later, on April 6, 1931, the present petition was filed by applicant, the qualified granting of the same being the basis of these proceedings. This petition materially narrows the nonconforming use requested, and the permission granted shows

an apparently sincere effort on the part of the respondent Board to safeguard the rights of adjacent landowners while giving to applicant reasonable opportunity to grade its land and render it suitable for house lots upon which may be erected such structures as are allowed by the zoning law in a Residence B. district.

That the first petition was filed shortly after the sale of the land which applicant had previously used for the general storage of its machinery and equipment and from the coincidence arising through the filing of the first petition so shortly after the sale of said land, it is argued that the present petition, however it may be worded, represents an effort to use the land in question as the general storage place of the machinery and supplies of applicant. This element does not by and of itself prove lack of good faith. A similar claim, in regard to the size of the building to be erected, is made by petitioners who allege that it is larger than is necessary to store machinery and supplies used in levelling the various lots. Applicant denies that such building is larger than necessary to enable it to carry out its agreement to level off the lots which it proposes to sell.

It is apparent that the entire question of good faith and the intention of applicant to abide by the terms and spirit of the qualified permit issued by the Zoning Board can, without particular detriment to the petitioners herein, be determined by applicant's method of using the rights granted. If applicant makes an unauthorized use of the building or land during the two years, such use may be promptly prevented through legal proceedings. Such unauthorized use, especially if accompanied by delay in levelling of the lots as promptly as is consistent with the spirit of the conditional permission, will, at the end of the two year period, show clearly and conclusively whether or not the applicant has in good faith lived up to the requirements of the permission granted and, if applicant fails so to do, petitioners herein will be entitled to be heard before said board

in regard to these matters and, if aggrieved by its decision, will have the right to ask a review by this court.

In the opinion of a majority of the court, the qualified permission given under the circumstances for a variation of the provisions of the zoning law not being beyond the power of the Zoning Board of Review is sustained by evidence sufficient to warrant the granting of the same.

The petition for *certiorari* is denied and dismissed. The decision of the respondent board is affirmed. The papers in the case are ordered sent back to the respondent Board.

*Hogan & Hogan, Laurence J. Hogan,* for petitioners.
*Woolley & Blais,* for respondent.