ORRIS E. WOODBURY *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

JUNE 29, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is a petition for a writ of certiorari, brought under the provisions of general laws 1938, chapter 342, praying that a certain decision of the respondent zoning board of review of the city of Warwick be reviewed and reversed.

The record certified to this court in response to the writ shows that Marie L. Vient is the owner of a parcel of land on West Shore Road in said city which comprises an area of slightly over one acre upon which there is a building approximately 60 by 40 feet. She filed on a printed form an application with the zoning board of review, hereinafter referred to as the board, for an exception or variation under the zoning ordinance respecting the above-described parcel. It appears from the application that the premises, which were located in a residence B district, were presently being used as a tourist home but that the owner now desires

permission to use them as a funeral home. The application also specifically states that it was being made under the provisions of sec. XV (A) 3 of the zoning ordinance of that city.

The above section deals with the organization and powers of the board and the portion pertinent to the instant case reads as follows: "3. In appropriate cases and subject to appropriate conditions and safeguards to make special exceptions to the terms of this Ordinance where the exception is reasonably necessary for the convenience and welfare of the public." It also appears from the ordinance that in a residence B district the following uses are allowed: A use permitted in a residence AA or residence A district, a double cottage, commercial nurseries and greenhouses, raising of crops, certain types of hospitals or sanitariums and accessory uses not material here.

Notices of the hearing before the board on the above application were duly given to interested parties. According to the record when the matter was heard four owners of property in the vicinity of the parcel in question appeared and objected to the granting of the application. Different reasons for their position were advanced by the various objectors, such reasons in general being the devaluation of their property, the type of business suggested, the creation of a parking problem and hazard to school children. One of these objectors and his wife are the petitioners in the instant cause.

The owner of the property stated to the board that she wished to lease it to William McGarry for a funeral home and that the latter intended to live in the house. The proposed tenant stated to the board in substance that he would provide off-street parking in the rear of the house and that he would agree to the imposition of such a condition. At the hearing no sworn testimony was taken but oral statements merely were received from those interested.

After the hearing the board made the following decision:

322

"At the end of the meeting the Board reviewed this petition and decided to grant it for a period of two (2) years upon a motion made by Mr. McClarnon & seconded by Mr. Prellwitz. Unanimous vote of the Board. Mr. McClarnon stated that he felt that a business of this type was necessary for the convenience of the public welfare and also that no facilities of that nature were within a radius of four miles from that locality in the City of Warwick. In his motion Mr. McClarnon added the following stipulations—that all parking be done in the rear of the building with dim lights for night parking and also that directional signs be erected to show the parking area."

The petitioners herein contend in substance that there was no competent testimony before the board to justify the granting by it of the application filed by the owner of the land under sec. XV (A) 3 of the zoning ordinance; that the board's decision in the circumstances constituted an abuse of discretion; and that the board exceeded its jurisdiction in granting the exception for a period of two years. In this proceeding the burden of proof is on the petitioners to show that the board abused its discretion and that its decision is erroneous and invalid. *Lough* v. *Zoning Board of Review,* 74 R. I. 366. Upon consideration it is our opinion that they have not sustained such burden and that their above contentions are not sound.

The landowner's application was filed specifically under the hereinbefore-quoted provision of the zoning ordinance. That provision clearly and unequivocally gives to the board power, in the exercise of its discretion, to make special exceptions subject to appropriate conditions and safeguards when such exceptions are reasonably necessary for the convenience and welfare of the public. According to the record the facts presented to the board at its hearing, both in support of and against the landowner's application, were concisely stated even though no elaboration of details was developed. However, reasonably full

information was contained in the application itself, and apparently all interested persons were given an opportunity to be heard if they desired. It is recognized that hearings before zoning boards of review are to a certain extent informal in nature and do not necessarily have to be conducted as are hearings before a court.

In our judgment there was sufficient competent evidence to enable the board to exercise its discretion in passing upon the application. Under the pertinent provision of the zoning ordinance the board's primary duty was to determine whether in the circumstances a special exception should be granted as requested. In our opinion its decision reasonably construed shows that in approving the application and in granting the exception it found that the operation of a funeral home in that locality was reasonably necessary for the convenience and welfare of the public. The reason given for such conclusion was that in the city of Warwick there were no facilities of that nature within a considerable radius from the property in question. It is a reasonable inference that in advancing such reason the board was acting upon its own knowledge of the district under consideration. It had a right to so act. The board is presumed to have such special knowledge of those matters which are part of their administration of the zoning ordinance, and here it is sufficiently disclosed that they acted upon such special knowledge. *Harrison* v. *Zoning Board of Review,* 74 R. I. 135.

Further the special exception was granted subject to certain conditions and safeguards, such as requiring the parking of automobiles in the rear of the property, the dimming of lights for night parking, the placing of directional signs, and the granting of the exception for only two years. At the end of that period the board would be in a position, according to the facts then appearing, either to renew the exception if requested, or to permit the property to again be used as a tourist home. It is also

our opinion that in the circumstances the board did not exceed its jurisdiction in placing a limit of two years on the exception as granted. The language of the ordinance giving the board power to make such exceptions is broad, general, and has no reference to time limits. In *Morris* v. *Zoning Board of Review*, 52 R. I. 26, a certain use of the premises in question was limited to a two-year period and the imposing of such a condition was approved by the court.

It is well settled that the decision of a zoning board of review, based on the exercise of its discretion, will not be set aside by this court unless it is so arbitrary and unreasonable as to show a clear abuse of discretion. *Jacques* v. *Zoning Board of Review*, 64 R. I. 284. We find that in the circumstances the board's decision in the instant case did not constitute such a clear abuse of discretion. In support of their contentions the petitioners herein have also cited the case of *Flynn* v. *Zoning Board of Review*, 77 R. I. 118. In our judgment the decision therein does not govern the present case. The pertinent provisions of the respective zoning ordinances in the instant case and in the *Flynn* case are not similar. In the provision of the zoning ordinance now before us the city council of Warwick fixed a limitation upon the exercise of the board's discretion and did not give it absolute power to act. Such limitation was that a special exception could be made only when the board found that it was reasonably necessary for the convenience and welfare of the public.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the decision of the respondent board is affirmed. The papers in the case which have been certified to this court are ordered sent back to the respondent board.

*Harry Goldstein,* for petitioners.

*Hailes L. Palmer,* City Solicitor, for respondent.