ALFRED GUENTHER *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK *et al.*

AUGUST 30, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Warwick granting an application for an exception or variance to the zoning ordinance. The writ was issued and the pertinent records have been certified to this court.

It appears therefrom that Lillian May Potter, the applicant, owns a parcel of real estate located at 651 Warwick Neck avenue in the city of Warwick. The property consists of a nineteen-room dwelling house and an unattached garage located on the easterly part of lot No. 82 on tax as-

sessor's plat No. 378. The land, which contains approximately 54,694 square feet, has a frontage of 225 feet on Warwick Neck avenue and 204 feet on Randall avenue. It is zoned residence AA and bounds on a residence A district.

On October 5, 1955 the owner-applicant applied to the board for an exception or variation to use said premises as a convalescent home. After notice and advertising, a public hearing was duly held thereon at which the applicant was represented by counsel as were certain abutting landowners who objected to any exception or variance.

From the testimony at the hearing it appears that the applicant purchased the property in 1935 and lived in the house until 1953, when she moved therefrom to a ranch house of seven rooms which she had built on 40,000 square feet of the original 94,000 square feet of land. Her husband had died some years before this application was filed. There was evidence that the large house had been on the market for sale, but that the applicant had been unable to sell it as a private residence because of its size, the taxes and cost of maintenance. She also stated that she had received an offer to buy it if it could be used as a convalescent home.

Several persons who lived in the neighborhood testified they had no objections to the granting of a temporary exception or variation for the use of the property as a convalescent home provided the zoning of the area was not changed. There was further testimony that there are three other large houses in this area which cannot be sold because of their size.

On cross-examination, counsel for the objectors asked the applicant to state how much she paid for the property in 1935, but an objection by her counsel was sustained by the board and no evidence was presented on this point. The petitioners' counsel stated that this information was material on the question of whether or not there was any hardship involved. The same ruling was made by the board when he attempted to have the applicant testify as to how

much she had been offered by the prospective purchaser if this application were granted. The prospective buyer was not present at the hearing and the applicant refused to divulge his or her name. It was also brought out that she had reduced her asking price from $48,000 to $30,000 but still could not sell.

The basis of the objections to the granting of the exception or variance was that this was a residence AA district; that the presence of a convalescent home would commercialize the area; that it would cause traffic problems; and that it would adversely affect the value of property in the area. The objectors also testified that some of them had made substantial investments so that they could live in an area free of commercial activity. There was also evidence that the revenue stamps on the deed when the applicant bought this property in 1935 indicated she paid $6,000 or $8,000 for it.

On November 9, 1955 the board voted unanimously that "this petition be granted as follows: Whereas testimony reveals that the petitioner has owned the property since 1935, and Whereas the Board finds that because of the age, size and expense of maintaining present structure, to deny this petition would be to deprive the petitioner of the full and beneficial use of her land; therefore be it resolved that this petition be granted on those grounds for a period of two (2) years with the following stipulations: 1. No signs. 2. Off-street parking. 3. Grounds are to be maintained in keeping with the general neighborhood."

The authority of the board to impose a time limitation upon the granting of an exception or variance has already been upheld by this court in *Woodbury* v. *Zoning Board of Review*, 78 R. I. 319. The instant application requested "an exception or a variation in the application of the provisions or regulations of the zoning ordinance" under "Section XV Sub-Section 'A', Paragraph 4 C., D. and E." on the

grounds that: "This land and building is in a Residential AA district but bounds on a Residential A District."

The pertinent provisions of the zoning ordinance, section XV (A), relative to the organization and powers of the board of review are as follows:

"A Board of Review is hereby established to consist of five (5) members * * *. Consistent with the provisions of said chapter [G. L. 1938, chap. 342] and of this Ordinance the Board of Review shall determine its own rules of procedure. * * * The Board of Review shall have the following powers:

* * *

4. In appropriate cases and subject to appropriate conditions and safeguards to make *special exceptions* to the terms of this Ordinance in harmony with its general purpose and intent in the following cases:

* * *

e. To authorize in specific cases such variances in the application of the terms of the Ordinance as will not be contrary to the public interest where owing to special conditions a literal enforcement of the provisions of the Ordinance will result in *unnecessary hardship* and so that the spirit of the Ordinance shall be observed and substantial justice done." (italics ours)

We find nothing in the record to indicate that the applicant had received an offer of $30,000 for the property for use as a residence. While it may be true that evidence relating to the price which applicant paid for such property as well as the price for which she could sell it for use as a convalescent home might be of some value to the board, yet in our judgment the ruling of the board excluding such testimony did not invalidate the decision as an abuse of discretion on its part. Nor was it arbitrary for the board not to compel the applicant to have the prospective buyer or tenant present at the hearing or to divulge his or her name. The action of the zoning board is concerned basically with

the land and its use and not with the person who owns or occupies it. *Olevson* v. *Zoning Board of Review,* 71 R. I. 303.

The petitioners also contend that the granting of the exception or variance by the board was an arbitrary exercise of power, having no relation to the convenience and welfare of the public. In this proceeding the burden of proof is on the petitioners to show that the board abused its discretion and that it acted arbitrarily. *Lough* v. *Zoning Board of Review,* 74 R. I. 366. After a careful examination of the record we are of the opinion that it has not sustained that burden. The application was filed in this case under sec. XV, paragraph (A), subpar. 4 c, d and e of the zoning ordinance.

Under those provisions it was the board's duty to determine whether, owing to the special conditions existing in reference to the property in question, unnecessary hardship would result from a literal enforcement of the ordinance. It was also the board's duty to determine whether, if it found such unnecessary hardship would result, the granting of a variance would be contrary to the public interest. The board made a reasonably accurate summary of the facts brought before it or otherwise known to it upon which it based its decision, and it set forth the grounds therefor so that this court might determine whether such decision bears a substantial relation to the protection of the public interests. It appears therefrom that the board found that in order to do substantial justice to the parties within the spirit of the ordinance it could grant the application, and that the granting thereof would not be contrary to the public interest. The board also found that "to deny this petition would be to deprive the petitioner of the full and beneficial use of her land," and it granted the application for a period of two years subject to the conditions and safeguards set forth above.

It is well settled that the decision of a zoning board of review, based on the exercise of its discretion, will not be

set aside by this court unless there is no legal evidence to support it or it is so arbitrary and unreasonable as to show a clear abuse of discretion. *Jacques* v. *Zoning Board of Review*, 64 R. I. 284. We are of the opinion that in the circumstances there is some legal evidence to support the board's decision and that it did not constitute a clear abuse of discretion.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records in the case which have been certified to this court are ordered sent back to the respondent board.

*John J. O'Neil,* for petitioners.

*Israel Moses,* City Solicitor, *A. Norman LaSalle, John L. McElroy,* for respondents.