Henry C. Dawson *et al. vs.* Zoning Board of Review of the Town of Cumberland.

FEBRUARY 13, 1964.

Present: Condon, C. J., Roberts and Joslin, JJ.

Roberts, J. This petition for certiorari was brought to review the action of the respondent board denying the petitioners' application for an exception to permit a building in a residential zone to be used as a funeral home. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that petitioners are the owners of a parcel of land located on High street at the corner of Lavallee Drive in the town of Cumberland, on which is located the building in which petitioner Henry C. Dawson proposes to conduct his business as a funeral director. The lot has a frontage of 100 feet on High street and a depth of 300 feet on Lavallee Drive and contains approximately

30,000 square feet. It is conceded that High street, also known as the Diamond Hill Road, is one of the main thoroughfares of that town. The petitioner Henry C. Dawson, a funeral director of twenty-five years' experience, testified that funeral corteges, which usually average about twenty cars, will be formed within the confines of the property and that he plans to construct a parking lot at the rear of the building to accommodate from seventy to one hundred cars. A realtor testified on behalf of petitioners that the proposed use would not diminish substantially the value of surrounding properties and would serve the public convenience and welfare.

The petitioners seek specifically an exception under the terms of Article Nine, Section 1, of the ordinance, which provides in pertinent part: "When in its judgment, the public convenience and welfare will be substantially served, and the appropriate use of neighboring property will not be substantially or permanently injured, the Zoning Board of Review may, in a specific case, after public notice, at a hearing, and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established, as follows: * * * 3. Approve in any district an application for any use or building which Zoning Board of Review finds (a) to be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health; (b) where such use or building is reasonably necessary for the convenience or welfare of the public."

This court has held that a board of review, in passing upon an application for an exception, is required to make findings as to the effect of it, if granted, on the convenience and welfare of the public and upon the appropriate use of surrounding properties. In *Hazen v. Zoning Board of Review*, 90 R. I. 108, we held that a board of review may not

act affirmatively on an application for an exception where it found that to grant it would be contrary to the public convenience and welfare or would substantially injure the appropriate use of neighboring properties. In *Monforte* v. *Zoning Board of Review*, 93 R. I. 447, 452, 176 A.2d 726, 729, this court considered similar provisions and said: "Under these provisions the board is required to make a finding prior to the grant of the exception as to whether the exception, if granted, would substantially serve the public convenience and welfare. It is our opinion that if such finding is that a grant of the proposed exception would not substantially serve the public convenience and welfare, the board is without authority to act affirmatively on the application for the exception."

After a hearing on the instant application, the board took the matter under advisement pending an inspection of the premises. At a subsequent special meeting the board considered the application again and voted to deny it. The only statement of its reason appears in the record of that meeting and reads in pertinent part: "The board viewed the premises and agreed with the remonstrants that if the premises were used for a Funeral Home it would create a traffic hazard as the plans submitted do not provide enough area on front and southerly side for off street auto use." We are of the opinion that the record discloses that the board, pursuant to the duty imposed upon it by the terms of the ordinance above discussed, made a finding that to grant this exception would result in the creation of a traffic hazard, an effect clearly contrary to the public convenience, and concluded that it was without authority to act affirmatively thereon.

The petitioners contend, however, that such finding is not supported by any legal evidence. In *Laudati* v. *Zoning Board of Review*, 91 R. I. 116, we noted that this court will not disturb a decision of a zoning board if there is any legal evidence in the record upon which it may reasonably rest

but that we will, in appropriate cases, examine the record for the purpose of ascertaining whether there is any such evidence therein. The petitioners here, as we understand them, argue that there is no testimonial evidence upon which the board's decision may rest and that the record is devoid of any disclosure of matters observed by the board on the inspection of the premises that would in the evidentiary sense support such finding. In this argument petitioners rely primarily upon *Kelly* v. *Zoning Board of Review,* 94 R. I. 298, 180 A.2d 319.

There is, in our opinion, merit in these contentions. There is no testimonial evidence in this record upon which the decision of the board concerning the creation of traffic hazards by the grant of the exception here sought could reasonably rest. The record, when closely scrutinized, discloses that in the course of the hearing several persons, only vaguely identified, made statements to the board. We do not perceive, however, that they were objecting to the grant of the exception, but rather they were inquiring as to the proposed use of the driveways and parking lot in the actual conduct of petitioner's business. We cannot attribute to any such statements probative force on the question of whether petitioner's use of the building under the exception would either increase the volume or congestion of traffic in the area or create conditions of hazard that theretofore did not exist.

We are constrained to agree also with petitioners' contention that the board's inspection of the premises referred to in its decision did not have the effect of providing legally competent evidence upon which that decision could reasonably rest. It is conceded that when a board of review has made an inspection of premises and disclosed in the record the conditions and circumstances it observed and upon which it rested its decision, this court will treat such conditions and circumstances so disclosed in the record as constituting legal evidence capable of sustaining a board's de-

cision in an appropriate case. *Zimarino* v. *Zoning Board of Review,* 95 R. I. 383, 187 A.2d 259. However, in *Kelly* v. *Zoning Board of Review, supra,* we sought to make it reasonably clear that we will not presume that a board reached its decision on the basis of knowledge acquired in the course of an inspection and that for an inspection to be productive of legally competent evidence "the record must contain some reasonable disclosure as to the knowledge so acquired and their action pursuant thereto." See *Center Realty Corp.* v. *Zoning Board of Review,* 96 R. I. 76, 84, 189 A.2d 347, 352. It is our opinion then that in the instant case there is no competent legal evidence in the record upon which the decision of the board can reasonably rest and that in such circumstances it was an abuse of discretion to deny the exception sought.

The petition for certiorari is granted, the board's decision is quashed, and the records certified are ordered returned to the board with our decision endorsed thereon.

*James Cardono,* for petitioners.

*Frank O. Lind, Jr.,* Town Solicitor of the Town of Cumberland, for respondent.