[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Providence. Jurisdiction in this Superior Court is pursuant to § 45-24-20 R.I.G.L.
CASE TRAVEL — FACTS
Dr. Mrs. Elihu S. Wing own and occupy an imposing three-story wood-frame dwelling house located at the corner of Humbolt and Taber Avenues in Providence's so-called "east side." The house is located in a Residential R-1 Zone, and in the certified record is generally referred to as being in a "prime east side" residential area. Dr. Wing, in compliance with applicable "home use" zoning requirements utilizes a portion of the residence for his medical office.
Daniel G. Siegel who lives in Weston, Massachusetts and who owns and conducts a rare book purchase and sales business wants to purchase the Wing residence and use it for residential purposes as well as to store some seven thousand books (tr.39-42) which he uses for research and which are available for sale. He offers his book inventory supply for sale by means of catalogues that he mails out to select prospective customers such as libraries; schools and others interested in old and rare books, and who are capable of paying "three, four and even five figures." (tr. 13) He also travels about the country to acquire rare books at auctions, etc. and then researches the books so as to establish and confirm their value for his prospective customers. He describes himself as being basically a researcher and appraiser of used rare books. (tr. 11) Because of the research that he does with regard to the books he purchases, researches and later offers for sale he distinguishes his business of selling used books from that of the usual book store. (tr. 15-16)
On December 18, 1991, Mr. Siegel as applicant, and Dr. and Mrs. Wing as owner-applicants filed an application with the Zoning Board of Review for the City of Providence for permission, by way of a special exception, to be relieved from the provisions of Section 303 — Use Code (56) and 419.2 in Section 904 of the Providence Zoning Ordinance which as written would not authorize the intended book sale business use contemplated by Mr. Siegel.
The Siegel-Wing zoning application was referred to the Providence Department of Inspection and Standards for review. That Department on February 21, 1992, in written decision concluded that the proposed use of the dwelling by Siegel was not a home occupation in accordance with Section 419.2 and was instead, a retail trade neighborhood use as defined in Use Code 56 in Section 303 of the City Zoning Ordinance. The Department further concluded that the proposed Siegel use of the Wing residential building would conflict with the overall land use pattern in the Humbolt-Taber Avenues area and be inconsistent with the City's Comprehensive Land Use Plan. The Department recommended to the Zoning Board that the Siegel-Wing application for a special exception be denied. The Zoning Board, after public hearing did in fact deny the special exception request. This appeal followed.
II
SCOPE OF APPELLATE REVIEW OF ZONING BOARD DECISIONS Section 45-24-20, R.I.G.L. 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 "The Superior Court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in § 45-24-20,
this Superior Court cannot substitute its judgment for that of the zoning board. However, this Court must examine the full record to determine whether the findings made by the zoning board were supported by substantial evidence. O.K. Properties v.Zoning Board of Warwick, 601 R.I. 953, 955 (1992); Salve ReginaCollege v. Zoning Board of Newport, 594 A.2d 878, 880 (1991);Apostolou, et al v. Genovesi, et al, 120 R.I. 501, 507 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Apostolou v. Genovesi, 120 R.I. 501, 508 (1978).
III
THE ZONING BOARD DECISION
The Zoning Board, after public hearing and consideration of the hearing evidence denied the Siegel-Wing application for a special exception. In its decision the Board made five findings of fact. In one of those (#4) it concluded from the evidence that Siegel would be using the residential dwelling for a business use. The record evidence of how, and in what manner Mr. Siegel would buy, store, research and sell his rare books from the premises, regardless of his "light" walk-in business customer contention certainly supports that Board finding. The Board's finding that the proposed rare book sales and storage use would not be in harmony with the City's Comprehensive Land Use Plan is hardly questioned.
The applicants, Siegel and Wing, had the burden of proving to the Board that they were entitled to the relief they sought.Winters v. Zoning Board of Review of Barrington, 80 R.I. 275, 279 (1953); Smith v. Zoning Board of Warwick, 104 R.I. 1
(1968). They were required to meet that burden of proof by the presentation of their evidence. The Board concluded that they had failed to do so. Each of the Board's findings is supported by the substantial evidence in the certified record. While Mr. Siegel may describe and believe that his purchase, storage and sale of rare books is not as noted in the record the same type of bookstore or book sales business as "Buck a Book" it is nonetheless, as found by the Board, a book selling business. He may elect to refer to his cat as a dog, but that designation will not cause the cat to bark and transform the reality of the situation.
A review of the record made by the Board and certified to this Court clearly indicates that the Board had before it sufficient legal evidence, being more than substantial, upon which to base its findings and its decision. That being so, it thereupon became the appellant's burden in this Court to pursuade the Court that the Board had abused its discretion. Woodbury v.Zoning Board of Review, 78 R.I. 319 (1951). The applicants have failed to do so. This Court in reviewing the certified record finds nothing therein which is in violation of any constitutional, statutory, or zoning ordinance provision; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Board's procedure was lawful and that its decision is not affected by any error of law.
The Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and is not characterized by any abuse of the Board's discretion.
Accordingly, pursuant to the specific legislative mandate contained in § 45-24-20, R.I.G.L., this Court must, and does, deny and dismiss the appellant's appeal.
Counsel shall prepare and present for entry the appropriate judgment.