**William R. GOLDBERG et al.**

v.

**ZONING BOARD OF REVIEW OF the TOWN OF SOUTH KINGSTOWN et al.**

No. 93–106–M.P.

Supreme Court of Rhode Island.

March 23, 1994.

Robert D. Goldberg, Thomas D. Goldberg, Pawtucket, Thomas Coffey, Jr., Foster, for plaintiff.

Thomas S. Hogan, Hogan & Hogan, East Providence, Karen Ellsworth, South Kingstown, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on a petition for certiorari to review a

Superior Court judgment and order upholding a decision of the Zoning Board of Review of the Town of South Kingstown (board). The board granted the respondent, Neil Smith, a special exception to construct and maintain an experimental septic system closer than 150 feet to the mean high-water level of Potter Pond, a tidal water body. The petitioners, William R. Goldberg, Temperance C. Goldberg, and Thomas D. Goldberg, own property within 200 feet of the site and objected to the installation of the system.

The respondent's proposal called for building a single-family residence on a legal substandard lot located on Peninsula Road in South Kingstown, Rhode Island. The lot, approximately 7,500 square feet, is surrounded on three sides by water, and extends into Potter Pond. The respondent's proposed septic system would consist of a denitrification chamber, described as experimental, and a standard individual sewerage-disposal system as a backup in the event the untested denitrification system failed to function properly. The denitrification component is designed, in theory, to remove most of the nitrogen from the sewage and thereby reduce waste byproducts that would stimulate growth of the already perilously overabundant vegetation in the pond.

During three days of hearings, the board heard testimony on the feasibility of the experimental system and on the effect of the proposed system on the environment and the neighborhood. The board granted respondent a special exception, and conditionally approved the system for a two-year period. In its conditional approval the board required the South Kingstown Conservation Commission to conduct monthly inspections of the system and to file monthly reports with the building inspector during the two-year period.

The petitioners appealed the grant of the special exception to the Superior Court pursuant to G.L.1956 (1993 Reenactment) § 42–35–15 maintaining, *inter alia,* that the board exceeded its authority in granting the conditional two-year special exception. The Superior Court justice concluded that the board had not exceeded its authority and that there was competent evidence to support the granting of a special exception. Consequently, the justice upheld the board's decision. The petitioners filed a petition for issuance of writ of certiorari, which we granted on July 9, 1993.

After hearing the arguments of counsel and examining the briefs filed by the parties, this court is evenly divided. Consequently the decision of the Superior Court is affirmed by an evenly divided court.