Allen R. HOFFMAN et al.

v.

McLAUGHLIN CORP. et al.

No. 94–343–Appeal.

Supreme Court of Rhode Island.

April 26, 1996.

Richard P. McMahon, Marifrances McGinn, Providence. for Plaintiffs.

John B. Lawlor, Jr., Providence, Daniel V. McKinnon, Pawtucket, for Defendants.

## OPINION

LEDERBERG, Justice.

This breach-of-contract case came before the Supreme Court on the appeal of the defendants, McLaughlin Corporation and Walter F. McLaughlin (McLaughlin), from a judgment on a directed verdict[1] entered for the plaintiffs, Allen R. Hoffman (Hoffman) and Celia W. Hoffman. On appeal the defendants argued that the trial justice erred when he applied the termination clause of the contract in question so as to preclude the defendants from showing a material breach of that contract by Hoffman. Because this Court is evenly divided on this issue, the judgment of the Superior Court is sustained. We summarize the facts pertinent to the issues raised in this appeal.

### Facts and Procedural History

On July 23, 1986, defendants and plaintiffs entered into an asset-purchase agreement, pursuant to which defendants acquired from plaintiffs the assets and liabilities of Manna–Hoffman Supply Company, Inc., (Manna–Hoffman) d.b.a. W.E. Davis and Company (Davis) in exchange for a stated purchase price of $500,000. At the closing, on September 30, 1986, defendants delivered a bank check payable to Manna–Hoffman in the amount of $250,000 and executed a promissory note in favor of Manna–Hoffman in the amount of $250,000, payable in monthly installments over a seven-year period. On the same date, the parties executed a security agreement, whereby Hoffman and Manna–Hoffman took a security interest in all of that company's inventory, receivables, and equipment to secure payment of the note. The parties also entered into a twelve-year consulting agreement, whereby defendants agreed to pay Hoffman $50,000 per year in monthly installments for his services as a consultant. In a separate guaranty agreement, Walter F. McLaughlin (McLaughlin) personally guaranteed payment of any obligations owed Manna–Hoffman under the promissory note and the consulting agreement.

Although both parties agreed that the consulting agreement was a crucial element of the purchase and sale "package," each characterized the agreement quite differently. The plaintiffs posited that the consulting agreement constituted deferred payment of the purchase price and consideration for the covenant against competition by Hoffman. The plaintiffs further contended that the provisions that set forth Hoffman's consulting duties were "at best incidental." The defendants, on the other hand, argued that the consulting services required of Hoffman, pursuant to the terms of the consulting agreement, represented a key contractual obligation that was subsequently breached by Hoffman.

Soon after the sale, Davis began experiencing a substantial loss in business to the point where two of its stores were forced to close by December 1988. The defendants contended that Hoffman's disregard of the managerial duties required by the terms of the consulting agreement was a substantial cause of the dramatic decline of Davis in the months immediately after the sale. McLaughlin tes-

1. On September 5, 1995, Rule 50 of the Superior Court Rules of Civil Procedure was amended. A directed verdict is now referred to as a "judgment as a matter of law."

tified that informal attempts to have Hoffman correct the problems had failed. The defendants sent letters in May and June 1988, seeking to address their grievances with Hoffman and to terminate the consulting agreement on an amicable basis. When these attempts to settle the dispute with Hoffman failed, defendants sent a written notice to Hoffman, pursuant to section 2.3 of the consulting agreement, stating that because of Hoffman's material breach, defendants were terminating the consulting agreement. Thereafter, defendants suspended payments to Hoffman, following which action Hoffman sued defendants, alleging breach of the consulting agreement.

At the close of plaintiffs' case, defendants moved to dismiss plaintiffs' complaint on the basis that the consulting agreement was unenforceable because it was an illusory contract, but the motion was denied. At the end of trial, the trial justice granted plaintiffs' motion for a directed verdict, entered judgment for plaintiffs, awarded damages for repudiation of the contract's obligations by defendants including interest and attorneys' fees in the total of $990,035.15, and dismissed defendants' breach-of-contract counterclaim.

On February 10, 1994, defendants filed a notice of appeal from the directed verdict, pursuant to G.L.1956 § 9–24–1. On October 13, 1994, this Court assigned the case to the regular calendar for full briefing and argument.

### Standard of Review

In reviewing a trial justice's decision on a motion for directed verdict, this Court is bound by the same rules and analysis as the trial justice. *Powers v. Carvalho*, 117 R.I. 519, 524–25, 368 A.2d 1242, 1246 (1977). In passing on such a motion, the trial justice reviews the evidence in the light most favorable to the party against whom the motion has been made, without weighing the evidence or without considering the credibility of the witnesses, and extracts from the record only those reasonable inferences that support the position of the nonmoving party. *Id.* at 524, 368 A.2d at 1246. If, after so viewing the evidence, the trial justice finds issues upon which reasonable persons might draw conflicting conclusions, the justice must deny the motion and direct that the issue be decided by the jury. *Id.*

### Termination as an Affirmative Defense

A central issue on appeal was whether defendants, who waited until November 1988 to send written notice to Hoffman, had waived their right to terminate the consulting agreement. Section 2.3 of that agreement provides:

"This Agreement may be terminated by Company [McLaughlin Corporation] in the event of a material breach hereof by Consultant [Hoffman]. If Consultant is deemed by Company to have materially breached the Agreement, then Company shall give written notice thereof to Consultant stating the basis for such notice; and, if Consultant has not cured the condition stated in such notice to the reasonable satisfaction of Company within fifteen (15) days after the date of such notice this Agreement shall terminate at the end of such time period."

At trial, defendants contended that they had lawfully terminated the consulting agreement because of Hoffman's material breach and offered to prove affirmatively that Hoffman's breach had damaged the business. The trial justice, however, determined that McLaughlin could neither raise a defense nor raise a counterclaim for breach based on Hoffman's behavior during the first year of the consulting agreement, unless defendants could prove they had complied with section 2.3 in that first year. Because defendants had not provided Hoffman with written notice and an opportunity to cure his alleged shortcomings until the third year of the consulting agreement, the trial justice found that defendants had failed to comply with section 2.3 in the first year; consequently, he excluded all evidence of Hoffman's conduct during the first year of the consulting agreement.

The trial justice reasoned that because defendants had not complied with section 2.3 in the first year of the consulting agreement, all testimony relating to Hoffman's performance in that year was irrelevant. The trial jus-

**406**

tice's interpretation of the contract led to his ruling that defendants had waived their power to terminate the contract because of their delay in complying with the steps set forth in the termination clause of the consulting agreement.

On appeal, defendants have argued that the issue of whether their waiting until the third year to give written notice to Hoffman amounted to a waiver of their right to terminate the contract was a question of fact that should have been presented to the jury. The defendants further contended that the trial justice erred in removing this question from the jury and entering a directed verdict for plaintiffs.

After hearing the arguments of counsel, reviewing the briefs submitted by the parties, and examining the record of this case, this Court is evenly divided on the propriety of the trial justice's decision in respect to the issue of waiver in this case. Two justices are of the opinion that the question of whether the defendants' actions constituted a waiver of their authority to terminate the agreement was a question of law and was, therefore, properly decided by the trial justice. Two justices are of the opinion that the issue of waiver was a question of fact and that the trial justice erred in removing this question from the jury and entering a directed verdict in favor of the plaintiffs.

Because we are evenly divided on this critical issue, the judgment of the Superior Court is affirmed. *Goldberg v. Zoning Board of Review of South Kingstown,* 639 A.2d 58, 59 (R.I.1994); *Gibbons v. Gibbons,* 619 A.2d 432, 434 (R.I.1993). The papers in this case are remanded to the Superior Court.

FLANDERS, J., did not participate.