## John WINN

v.

## Sean COLLINS et al.

## No. 97–526–A.

Supreme Court of Rhode Island.

Oct. 26, 1998.

William C. Clifton, Providence.

Michael DeSisto, Providence.

### O R D E R

The plaintiff appeals from a Superior Court judgment as a matter of law in favor of defendants. After a conference before a single justice of this court, this case was assigned to the full court for a session in conference in accordance with Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. At this time, we proceed to decide this appeal without further briefing or argument.

The plaintiff, John Winn, filed suit against three Warwick police officers, Sean Collins, Thomas Evans and J. Palliotte, alleging that they used excessive force on him, resulting in serious injury. The plaintiff's complaint also contains an allegation of false arrest.

The plaintiff testified that he was at Fran's Tavern in Warwick on the night of October 28, 1989, when a disturbance occurred. Mr. Winn stated that he was standing near the front of the bar when he heard yelling and screaming and observed two police officers, one in uniform and the other in plain clothes, backing out of the bar. The plaintiff testified that an individual standing about two feet away from him threw a beer bottle in the direction of the officers. As Mr. Winn attempted to leave, he stated, he was grabbed by the uniformed officer. The plaintiff testified that he and the officer fell to the ground, down three stairs and out the door to the bar. As he was being handcuffed, he stated that he heard someone say, " 'So, you like to throw beer bottles at cops.'" At that time, according to plaintiff, he saw a flash of white light and was struck on the back of the head with a flashlight. Mr. Winn was unable to identify either the officer who grabbed him or the officer or person who hit him.

Following the presentation of plaintiff's case, defendants moved for a judgment as a matter of law pursuant to Super.R.Civ.P.50. The trial justice determined that there was not sufficient evidence for a jury to return a verdict against any of the three defendants and granted the motion.

On appeal, plaintiff contends that the motion for judgment as a matter of law was not timely because defendants had already presented evidence when the motion was made. Under prior law, a motion for a directed verdict was to be made at the close of the evidence offered by an opponent or at the close of all the evidence. The 1995 amendment to Rule 50 allows a party to make a motion for judgment as a matter of law "at any time before submission of the case to the jury." Super.R.Civ.P. 50(a)(2). We conclude that the defendants' motion for judgment as a matter of law was timely, under the present rule.

The plaintiff contends that the trial justice invaded the province of the jury by granting defendants' motion for judgment as a matter of law. In considering a motion for judgment as a matter of law, the trial justice, and this court on review, must consider the evidence "in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw[ing] from the record all reasonable inferences that support the position of the nonmoving party." *DeChristofaro v. Machala,* 685 A.2d 258, 262 (R.I.1996) (citing *Hoffman v. McLaughlin Corp.,* 675 A.2d 404, 405 (R.I.1996)). Reasonable inferences are those which are based on more than mere "conjecture, speculation, or surmise." *Long v. Atlantic PBS, Inc.,* 681 A.2d 249, 252 (R.I.1996) (citing *Souza v. Narragansett Council, Boy Scouts of America,* 488 A.2d 713, 715 (R.I.1985)). If the evidence permits only one legitimate conclusion in regard to the outcome, judgment as a matter of law should be granted. *Long,* 681 A.2d at 252.

In this case, the plaintiff could not identify either the police officer who grabbed him or

the officer, if it was in fact an officer, who hit him from behind. Each of the defendants testified that he did not hit plaintiff on the head, nor did he see any of the other defendants do so. In addition, there was testimony that these defendants were not the only police officers at Fran's Tavern on the night plaintiff was injured. In order to hold any or all of these defendants liable for plaintiff's injury, the jury would be required to speculate that it was in fact a police officer who struck plaintiff and that it was one of the named police officers defendants. In light of the evidence presented, we conclude that the trial justice was correct in granting defendants' motion for judgment as a matter of law.

The plaintiff also asserts that the trial justice erroneously found that plaintiff's plea of nolo contendere to the charge of resisting arrest, which resulted from this incident, was a bar to the plaintiff's claim of false arrest. The record indicates that the trial justice made no specific findings as to plaintiff's claim of false arrest. In order to prevail on a claim of false arrest or false imprisonment, a plaintiff must show that he was detained without legal justification. *Dyson v. City of Pawtucket*, 670 A.2d 233, 239 (R.I.1996). An officer is not liable for making a warrantless arrest if probable cause to arrest exists at the time the arrest is made. Probable cause exists when the facts and circumstances within the officer's knowledge at the time of arrest and of which he has reasonably trustworthy information, would warrant a reasonably prudent person's belief that a crime has been committed and that the suspect committed the crime. *Id.* After reviewing the evidence in this case, it is our opinion that the only legitimate conclusion to be derived therefrom is that the officers had probable cause to arrest plaintiff.

After careful consideration of the record in this case and the materials filed by the parties, we are of the opinion that the trial justice was correct in entering judgment in favor of defendants. Therefore, plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.