DECISION
Before this Court is an appeal from a decision of the North Providence Zoning Board of Review ("Board"). Craig J. DePetrillo and DePetrillo Properties, LLC ("appellants") seek reversal of the Board's decision of October 20, 2000 granting the application of Tri-Town Community Action Agency ("appellee") for both a special use permit and a dimensional variance. This Court has jurisdiction pursuant to R.I.G.L. § 45-24-69.
 Facts and Travel
On July 12, 2000, appellee filed an application for a special use permit and a dimensional variance under the Town of North Providence's Zoning Ordinances ("Ordinances"). Appellee sought to open a day care center in the building at 2204 Mineral Spring Avenue, North Providence (Assessor's Plat 14, Lot 246), which is zoned Commercial Village ("CV"). A permit is required for this use in the CV zone under § 203 of the ordinances, which allows day care facilities with more than six children in attendance to open in the CV zone with a special use permit.
As part of the renovations to the existing building and to comply with current safety and code standards, appellee needed to add a fire stair. The fire stair encroached on the 20 foot set back required in § 204 of the ordinances. Thus, there was the necessity of seeking a dimensional variance from the Board.
A hearing on the matter was held on August 17, 2000. The hearing was continued to September 7, 2000. The Board heard testimony from representatives of both sides. The Appellee's architect, the Executive Director, and the Assistant Head Start Director, testified as to the plans and the proposed use and operation of the day care facility. Appellant Mr. DePetrillo, an abutter of the property at issue, testified that a day care center in the proposed location would decrease the value of his investment, cause a noise and traffic nuisance, and deter potential tenants for his building from renting his office space.
After hearing the testimony, the Board voted unanimously to grant both the special use permit allowing the day care center in the CV zone and the dimensional variance allowing the encroachment on the 20 foot set back requirement. The Board issued a written decision on October 20, 2000.
The appellants timely appealed the Board's decision on November 10, 2000. On appeal, they argue that in granting appellee a special use permit and a dimensional variance, the Board violated the statutory and ordinance provisions. Additionally, appellants assert that the Board made no findings on whether the criteria and standards for dimensional variance and special use permit were met by appellee in its application. Finally, appellants argue that the appellee did not present expert testimony before the Board to demonstrate its entitlement to either the variance or permit.
 Standard of Review
R.I. Gen. Laws § 45-24-69(D), which directs this Court in its review of a decision of the Zoning Board of Review on appeal, provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
This Court must determine, upon review of the record, that substantial evidence exists to support the Board's decision. Salve Regina College v. Zoning Bd. Of Review, 594 A.2d 878, 880 (R.I. 1991). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla, but less than a preponderance." Caswell v. George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 824-5 (R.I. 1978)). Furthermore, this Court cannot substitute its judgment for that of the Board, but must uphold a decision supported by substantial evidence contained in the record. Mendonsa v. Corey,495 A.2d 257 (R.I. 1985).
 Special Use Permits and Dimensional Relief
Appellants argue that the Board was without authority to grant the special use permit in conjunction with the dimensional variance. Appellee counters that § 508 of the Ordinances authorizes the Board to "vary from the provisions of this section [requiring compliance with applicable requirements, i.e. dimensional restrictions]" by applying special conditions to the permit that promote the Town's Comprehensive Plan. (Appellee's Amended Reply at 3).
Relief from the dimensional requirements set out in the Ordinance may be sought when an applicant intends to use his/her property for a permitted use allowed by the Ordinance. The Ordinance sections regarding dimensional variances essentially mirror the companion state provisions. For the Board to grant dimensional relief, an applicant must show the Board "that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience, which means that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property." R.I.G.L. § 45-24-41(d)(2); § 503(2) (Emphasis added.); See von Bernuth v. Zoning Board of Review of the Town of New Shoreham, 770 A.2d 396 (R.I. 2001). Dimensional relief is granted in cases which involve a use otherwise permitted by the Ordinance.
The Rhode Island Supreme Court has held that unless an ordinance otherwise provides, "a dimensional variance [can]not be granted in conjunction with the issuance of a special-use permit. The ordinance is unambiguous and imperative in requiring that a special use meet all the criteria authorizing such special use." Newton v. Zoning Board of Review of City of Warwick, 713 A.2d 239, 242 (R.I. 1987). The Ordinances do not specifically allow dimensional variances and special use permits to be granted in conjunction with each other. Furthermore, appellee was granted a special use permit to open a day care center in this CV zone. According to § 505, this use must comply with all other requirements in the ordinance or elsewhere, such as the dimensional requirements for 20 foot setbacks set out in § 204 of the Ordinances. Appellee's plans include adding a fire stair, which will encroach into the setback, thus necessitating its request for a dimensional variance. Therefore, as appellee needs a special use permit to operate the proposed use and a dimensional variance to build the fire stair, the Board should consider whether the appellee's plans for the special use comply with the all other requirements in the Ordinances.
Appellee further argues that under the concept of special conditions, the Board is authorized to award a dimensional variance for a building requiring a special use permit because the proposed location of the day care center comports with North Providence's Comprehensive Plan. R.I.G.L § 45-24-43 authorizes the Board to deviate from the provisions set out in the ordinances if that deviation is for the purpose of promoting the city's or town's Comprehensive Plan. See Richardson v. Zoning Board of Review of City of Warwick, 101 R.I. 194, 221 A.2d 460, 465 (1966); Olevson v. Narragansett Zoning Bd., 71 R.I. 303, 44 A.2d 720 (1945). The Town of North Providence adopted the state's special conditions law in its § 508. This section allows the Board, in granting a variance or special use permit, to attach special conditions to its issuance of permission, such as provisions for minimizing and controlling development, making public improvements, and establishing a recording system for drawings, maps, etc. See § 508; R.I.G.L § 45-24-43. However, the special conditions set by Boards and approved by our Court do not constitute dimensional variances; they have generally set limits on the length of special use permits and limited the usage of signs and lighting.[1] Although the Board is allowed to add these special conditions to legally permitted special use permits and variances which promote the Town's Comprehensive Plan, the Board is not authorized to disregard the ordinance provisions and award permits. The Board may not grant relief simply because, in the Board's opinion, a proposed land use may promote the Town's Comprehensive Plan. (Chase, Rhode Island Zoning Handbook, § 77 at 86 (1993)).
Additionally, appellant argues that the appellee failed to present an expert to testify about traffic patterns. Expert testimony before the Board plays an important part at zoning hearings. Generally, expert testimony is required during the course of a zoning board hearing to provide information about matters that are central to the Board's decision. However, in considering a zoning case before it, "a board may consider probative factors within its knowledge . . . or may acquire adequate knowledge through observation and inspection on a view." Toohey v. Kilday, 415 A.2d 732 (R.I. 1980). This personal knowledge and inspection is considered competent, reliable evidence only if the Board discloses its reliance on this information on the record of the hearing. Id.; See also Restivo v. Lynch, 707 A.2d 663 (R.I. 1998). The record reflects that Board members had personal knowledge of and/or visited the proposed site and thus, such knowledge and observations will be treated as "legal evidence capable of sustaining a board's decision. . . ." Dawson v. Zoning Board of Review of Cumberland, 97 R.I. 299, 302-3, 197 A.2d 284, 286 (1964). However, while the Board may be guided by its own knowledge in its decision to grant a special use permit or a variance, it may not disregard the standard it is directed to apply in the statutes and ordinances. The Board's personal knowledge and observations with regard to the other elements of § 505 alone are not capable of sustaining its decision. Because the Board failed to address whether the special use would comply with the requirements of the Ordinances as delineated in § 505(A), this issue must be remanded.
After a review of the entire record, this Court finds that the North Providence Zoning Board did not make specific findings with regard to the standards for special use permits as is required by the ordinance. In considering the appropriateness of a special use permit, the Board must find that the proposed use complies with all requirements in the Ordinance. § 505(A); R.I.G.L. § 45-24-42; See Monforte v. Zoning Board of East Providence, 93 R.I. 447, 451, 172 A.2d 726 (1962). The record evidences that the Board did not consider same at the hearing or in its October 20th decision and thus was without authority to grant the permit. Accordingly, this matter is remanded to the Board with instructions to consider whether the proposed use complies with the requirements in accordance with § 505(A).
Counsel shall prepare the appropriate order for entry.
[1] Woodbury v. Zoning Board of Review, 78 R.I. 319, 82 A.2d 164 (1951) (limiting award of special use permit to specific time period, requiring parking lot to be at rear of building, have dim lights, and directional signs); Guenther v. Zoning Board of Review, 85 R.I. 37, 125 A.2d 214
(1956) (limiting award of special use permit to specific time period); Buckminster v. Zoning Bd. of Review, 69 R.I. 396, 33 A.2d 199 (1943) (limiting location of signs); Goldberg v. Zoning Board of Review of South Kingstown, 639 A.2d 58 (R.I. 1994) (limiting award of special use permit to specific time period).