DECISION
Before this Court are two opposing Motions for Judgment as a Matter of Law filed pursuant to Rule 50 of the Rhode Island Rules of Civil Procedure. Both parties agreed on a stipulation of facts concerning this contract. Based upon the reasons set forth in this decision, plaintiff's motion is denied, defendant's motion is granted and this case is dismissed.
 FACTS
On or about May 12, 1997, Berkshire Construction Services, Inc. (Berkshire) entered into a written contract, as Construction Manager, in the amount of $566,460.00 with the City of Warwick Schools Department (City) for a public works project (project). The entire project involved construction work at thirteen (13) schools throughout Warwick. The form of the written contract was the American Institute of Architects "Standard Form Agreement Between Owner and Construction Manager with CM as Constructor", 1991 Edition. Berkshire, as principal, and defendant National Grange Mutual Insurance Company (National Grange), as surety, provided the City with a payment bond for labor and materials required in the performance of construction management services in the amount of $556,460.00.
Plaintiff, Extrusion, Inc., Win-Vent Division (Win-Vent) provided aluminum windows to Graham Glass, Inc., (Graham) for incorporation in the project. Berkshire subcontracted the window portion of the project to Graham in the amount of $173,290.00. Win-Vent made four separate deliveries to Graham from September, 1998 through January, 1999. Win-Vent submitted invoices totaling $73,468.00 to Graham for the products provided. On March 17, 1999, Graham filed a Chapter 7 Petition for Bankruptcy. Prior to filing that petition, Graham forwarded payment to Win-Vent in the amount of $26,930.00. Win-Vent is owed a balance of $46,538.00. This action was filed to recover that balance from the payment bond.
 STANDARD
In considering a motion for judgment as a matter of law, a trial justice must consider the evidence "in the light most favorable to the nonmoving party, without weighing the evidence or evaluating the credibility of witnesses, and draw from the record all reasonable inferences that support the position of the nonmoving party."DeChristofaro v. Machala, 685 A.2d 258, 262 (R.I. 1996) (citing Hoffmanv. McLaughlin Corp., 675 A.2d 404, 405 (R.I. 1996)). Reasonable inferences are those which are based on more than mere "conjecture, speculation, or surmise." Long v. Atlantic PBS, Inc., 681 A.2d 249, 252 (R.I. 1996) (citing Souza v. Narragansett Council, Boy Scouts ofAmerica, 488 A.2d 713, 715 (R.I. 1985)). If the evidence submitted permits only one legitimate conclusion in regard to the outcome, the trial justice should grant judgment as a matter of law. Long, 681 A.2d at 252.
 THE PAYMENT BOND
The project constituted a "public works" project as defined by G.L. 1956 § 37-13-1. Chapter 13 requires the filing of a bond, containing the terms and conditions set forth in 37-12-1 et. seq., for all public works projects in excess of $5,000.00. (G.L. 1956 § 37-13-14). The bond is required as surety to cover labor performed and material and equipment provided in the carrying on of the work covered by the contract. (G.L. 1956 § 37-12-1).
National Grange argues that the payment bond issued for this project covers only construction management services and not labor and materials provided for general construction purposes. Pursuant to the construction management contract between Warwick and Berkshire, the required payment bonds for labor, material and equipment were to be provided by the individual trade contractors. Addendum No. 1 to the contract states that "[t]he bond for construction management shall be for management services only, not for the full contract price. Subcontractors shall bond themselves for the extent of their work." (March 13, 1997 Addendum to the Specifications for Construction Management Services Bid Dated February 27, 1997).
According to this language, the requirements of G.L. 1956 § 37-13-1
obligated Graham to provide a bond. As a subcontractor, Graham was under an obligation to provide a bond for the work it was to perform on the project. Graham did not provide such bond. G.L. 1956 § 37-13-1 does not provide a remedy if no bond has been obtained by a contractor. SeeAccent Store Design v. Marathon House, Inc., 674 A.2d 1223.
Win-Vent claims that Berkshire was the general contractor and required to provide a performance and payment bond pursuant to G.L. 1956 §§37-13-14, 37-12-1, 37-12-2, and 34-28-30. As such, Win-Vent argues that it should be permitted to collect the amount due under the terms of the statutes indicated. The Court does not find Win-Vent's arguments persuasive.
The bond at issue here was clearly intended to cover only construction management services and not the entire project. The language of the contract, bond, and the fact that the amount of the bond was equal to Berkshire's fee to perform the management services all evidence National Grange's intent to provide surety for management services only. No bond was provided for the portion of the project that Win-Vent now seeks recovery.
 CONCLUSION
The payment bond issued by National Grange is only for activities related to construction management services, and no bond was issued by National Grange covering the window portion of the project. Therefore, Win-Vent is not a proper claimant to the payment bond issued for construction management services. As such, Win-Vent's motion for Judgment as a Matter of Law is denied. National Grange's motion for Judgment as a Matter of Law is granted and the action is dismissed.
Counsel shall submit the appropriate order for entry.